No. 83.—UNION BANK OF LOUISIANA *v.* SUCCESSION OF JOHN A. ROSS.
A. J. RUGELY & CO., Warrantors.

*A third holder of commercial paper before maturity is not·compelled to prove that he gave a valid consideration to enable him to recover of the maker, unless it is shown that there is want or failure in the original consideration.*

APPEAL from the District Court, parish of DeSoto. *Weems, J. Elam & Wemple,* for plaintiff and appellee. *R. J. Bowman,* for defendant and appellant.

HOWELL, J. This is an action on a promissory note made by the decedent to the order of A. J. Rugely & Co. and by them specially indorsed to the plaintiff. The executors of the maker, besides the general denial, allege that the plaintiff received the note after maturity, and without a legal consideration, having paid Confederate treasury notes for it in discount. They further allege that their testator paid the note to the payees and original holders, who agreed to warrant him against a subsequent payment thereof, and call them in warranty.

J. D. Blair, of the firm of A. J. Rugely & Co., answered the call in warranty, denying plaintiff's title to the note sued on, because acquired with Confederate treasury notes, and alleging that if any payment was made, as set up in the answer, it was made in Confederate notes to Rugely, who was without authority to receive the same, the partnership having been previously dissolved to the knowledge of the maker of the note, and if any right in warranty existed it is against said A. J. Rugely or his representative. No citation was served upon Rugely or his representative. Judgment was rendered in favor of plaintiff for the amount of the note, to be paid in the due course of administration and in favor of the succession over against J. D. Blair in warranty, from which the executors and Blair appealed. The evidence shows that the plaintiff acquired the note from the payees before maturity, and as the original consideration is good, as expressed on the face of the note, the succession of the maker cannot be benefited by showing an invalid consideration, as between the payees and holders. The rights of the holder are ordinarily fixed at the date of the maturity, and no subsequent acts between the *original parties* to the note can affect them. The alleged payment, therefore, after maturity to the payees, who were not the holders and owners, was not an extinguishment of the note. Unless there is want or failure in the original consideration shown, the third holder of commercial paper before maturity is not compelled to prove that he gave a valid consideration in order to recover of the maker, who is bound on the consideration of his own contract. The judgment was properly rendered against the succession in this case.

As to the call in warranty, the payees in receiving the amount of the note from the maker bound themselves in express terms to deliver the

note, which has not been done; and the evidence is not clear that the payment was made in Confederate treasury notes, as alleged by the warrantor, who must, to be relieved, adduce evidence so complete as to leave nothing to surmise or conjecture. 20 A. 1, 47.

It is therefore ordered that the judgment appealed from be affirmed with costs.