71 So.2d 332

**BERGERON v. ROBERSON.**

**No. 41217.**

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Clyde G. De la Houssaye, New Orleans, for plaintiff-relator.

James E. Courtin and Sidney F. Braud, New Orleans, for defendant-appellee.

PONDER, Justice.

The relator applied for and was granted a review of the judgment of the Court of Appeal, Parish of Orleans, 63 So.2d 20, wherein the judgment of the lower court was reversed and relator's suit was dismissed. The matter has been submitted for our determination.

The relator sued Alton J. Roberson, Sr. for damages in the amount of $5,744.57 representing personal injuries, property damage, loss of earnings and medical expenses. The alleged damages occurred on August 15, 1950 as a result of a collision between relator's Ford truck and respondent's Plymouth automobile operated by respondent's son, Alton J. Roberson, Jr. The accident occurred at the downtown river corner of the intersection of Camp and Constantinople Streets in the City of New Orleans at about 12:30 p. m. On hearing the district court gave judgment in favor of relator in the sum of $869.57 and costs. On appeal to the court of appeal, the judgment was reversed and relator's suit was dismissed on the ground that he had contributed to the accident and was thereby barred from recovery.

The relator contends that it was impossible under the circumstances in this case

for him to be guilty of contributory negligence for the reasons: (1) that his truck was hit at the end of the downtown intersection of Camp and Constantinople Streets after he had done all he could to avoid the accident by accelerating the speed of his truck in an effort to keep out of the way of defendant-respondent's car which was being operated at a terrific rate of speed and (2) that he had the right-of-way in accordance with the provisions of Ordinance C.C.S. 13702, Section 10, Article VI, and No. 32:237 of the Louisiana Statutes Annotated-Revised Statutes.

The testimony is conflicting. Other than the drivers of the vehicles, there were only two eye-witnesses to the accident, Mrs. Maude B. Dolan and a young Negro boy named Earl Williams, aged fourteen. Mrs. Dolan testified that the relator was proceeding at a moderate rate of speed, which he decreased upon approaching the intersection, then proceeded across the intersection and was struck by the respondent's car at approximately the middle of the intersection. She testified that the respondent's son was driving at a terrific rate of speed, which she described to be "like a ball out of a cannon." Earl Williams, the Negro boy, testified that the relator was driving his truck at approximately forty to forty-five miles per hour and that the defendant was proceeding at a rate of speed from twenty to twenty-five miles per hour. The relator testified that he was driving at a speed of eighteen miles per hour; that he looked into Constantinople Street when he approached the intersection, saw no one approaching and was in the middle of the intersection before he saw the respondent's car. He testified that he accelerated his speed in an effort to avoid the collision but was hit from the side. He stated that when he first saw respondent's car it was one hundred feet away. The respondent's son, the driver of the car, testified that he turned into Constantinople Street from Chestnut Street, one block from the scene of the accident; that he was traveling at a speed of from eighteen to twenty miles an hour; that he slowed down for Camp Street; that he looked both ways and blew his horn and proceeded to cross the intersection when he saw no car approaching; that when he was part of the way across Camp Street he saw the relator coming down Camp Street approximately fifteen feet away and that he swerved his car to the left but it collided with the truck of the relator.

The trial judge was impressed by the testimony of Mrs. Dolan and her account of the accident. He was of the opinion that she was a disinterested witness and her testimony corroborated that of the relator, with the exception that she stated the accident happened about the middle of the intersection while the relator places the scene nearer the downtown side of the intersection. The district judge was of the opin-

ion that the photographs taken at the scene corroborated the testimony of the relator. The lower court arrived at the conclusion that the respondent's son was proceeding in a reckless manner at an excessive rate of speed and that he did not stop or look before entering the intersection, but proceeded to cross, and observed the relator's truck too late for him to stop.

 After a careful examination of the testimony in this case, we have reached the conclusion that the findings of fact by the trial court are correct and that the relator was not guilty of contributory negligence.

 The respondent takes no issue with the award insofar as damages for personal injury and pain and suffering are concerned, or with the amount awarded for medical expenses, in the event of an adverse finding, but contends that the award of $208.07 for damage to the truck is unauthorized because the truck was not actually repaired or the value of the truck shown. The plaintiff produced an itemized bill of repairs required and the mechanic who prepared the bill testified that he had examined the truck and found the repairs to be necessary to place it in the same condition as it was prior to the accident. This evidence was not contradicted by the defendant-respondent and we must accept it as being correct.

 When an automobile is damaged in a collision as a result of another person's negligence, the owner is entitled to have his automobile placed in the same condition as it was before the accident; it is not necessary that the owner of the automobile should have had the repairs made or should have paid for them; the damage done to the automobile is the cause of action. Bianchi v. Mussachi, 1 La.App. 291; Le Blanc v. Jordy, La.App., 10 So.2d 64; J. J. Clarke Co. v. Toye Bros. Yellow Cab Co., La.App., 22 So.2d 298; Christian v. Martin, La.App., 38 So.2d 181.

For the reasons assigned, the judgment of the Court of Appeal, Parish of Orleans, is reversed and set aside and the judgment of the lower court is reinstated and affirmed at the cost of the defendant-respondent.