SAVOY, Judge.
A writ of certiorari was granted in the instant case on June 16, 1965, limited to the question of the trial court’s jurisdiction to recall the order of appeal granted May 19, 1965, and to amend his original judgment of May 19, 1965.
In the instant case plaintiff filed an original petition, a first supplemental petition, and a second supplemental petition. To these petitions defendant filed an exception of no cause of action. Plaintiff then filed what amounted to a third supplemental petition, but labeled same “Amended Petition”. To this petition defendant filed an exception of no right of action and an exception of no cause of action.
On May 18, 1965, according to the Court Minutes, the judge maintained the exceptions of no cause of action filed by defendant and dismissed plaintiff’s suit. In his reasons for judgment the district judge maintained the exceptions of no cause or right of action filed against the “Amended Petition” and also the no cause of action leveled at the original petition.
On May 19, 1965, the district judge signed a judgment in this case decreeing that the exception of no right or cause of action be maintained and that plaintiff’s suit be dismissed at his costs. On the same date that the judgment was signed, namely, May 19, 1965, plaintiff was granted a sus-pensive, and in the alternative a devolutive, *658 appeal without necessity of furnishing bond or payment of costs, by virtue of the forma pauperis laws of this State.
On May 24, 1965, the court, on its own motion, recalled and vacated the judgment it had signed on May 19, 1965, and on the same date signed a second judgment sustaining the exception of no right or cause of action and the exception of no cause of action directed to the original, first and second supplemental petitions.
Counsel for plaintiff-relator states in his brief in his Assignment of Error the following:
“The respondent judge committed reversible error in altering the substance of the original judgment and in attempting to recall the appeal which already had been perfected, inasmuch as for these purposes the Fifteenth Judicial District Court, Parish of Vermilion, was totally divested of jurisdiction in respect thereto.”
Counsel also stated in his brief that the sole question of law presented by the application is:
“Once a judgment has been officially granted in open court and an appeal in respect thereto has been perfected, can a district court either alter the substance of the judgment or recall the appeal by subsequent judgment and order?”
LSA-C.C.P. Articles 1951 and 2088 read as follows:
“Art. 1951. Amendment of judgment
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
“(1) To alter the phraseology of the judgment, but not the substance; or
“(2) To correct errors of calculation.”
* * * * * *
“Art. 2088. Divesting of jurisdiction of trial court
“The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132.”
The first matter for consideration is whether the trial judge was divested of jurisdiction when he signed the order of appeal.'
It is the contention of counsel for plaintiff-relator that once the order of appeal in the instant case was signed by the trial judge, it was perfected since this is a suit in forma pauperis without the necessity of doing anything further in the matter.
Counsel for defendant-respondent, on the other hand, contends that the trial judge was not divested of jurisdiction because the signing of the order of appeal was premature, citing as authority for this proposition LSA-C.C.P. Arts. 1974, 2087 and 2123, which read as follows:
“Art. 1974. Delay for applying for new trial
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
* * * * * *
“Art. 2087. Delay for taking devolu-tive appeal
“Except as otherwise provided by law, an appeal which does not suspend the
*659 effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
******
“Art. 2123. Delay for taking suspen-sive appeal
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
After reviewing the articles cited by both counsel for relator and counsel for respondent, we are of the opinion that once the trial judge signed the order on May 19, 1965, granting plaintiff a suspensive and/or devolutive appeal, lie was divested of any further jurisdiction over the subject matter.
Since we have concluded that the trial court was divested of jurisdiction in the instant case, it is not necessary to determine whether there was a change in the substance of the judgment of May 19, 1965.
For the reasons assigned herein, the judgment of the district court and the order setting aside the order of appeal of May 19, 1965, both dated May 24, 1965, are set aside and vacated and the case is remanded to the Clerk of Court for the Parish of Vermilion, Louisiana, in order that he may complete same and send it back to this Court where it may be lodged and disposed of in due course. Costs of this proceeding assessed against defendant-respondent.
Remanded.
On Application for Rehearing.
En Banc. Rehearing denied.