182 So.2d 146 (1966)
Charles N. WOOTEN, Trustee, Plaintiff-Appellant,
v.
CENTRAL MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 1617.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 7, 1966.
*147 Simon, Trice & Mouton, by J. Minos Simon and John Rixie Mouton, Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George J. Champagne, Jr., and J. Winston Fontenot, Voorhies, Lobbé, Fontenot, Leonard & McGlasson, Lafayette, for defendant-appellee.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff trustee in bankruptcy sues to enforce a cause in action of the bankrupt. The trustee appeals from the dismissal of his suit upon exceptions of no cause and of no right of action. The defendant answers the appeal to request certain relief. (Two prior decisions of this court have concerned other phases of this litigation. See 177 So. 2d 657 and 166 So.2d 747.)
The chief question on appeal is whether the trustee may enforce the bankrupt's cause of action for damages caused by another's breach of duty, when the bankrupt had not actually paid the loss caused by the breach: That is, under such circumstances did the bankrupt sustain any damage because of the other's breach of duty?
The present defendant ("Central") was the automobile liability insurer of the bankrupt Bourque when he was involved in an accident before his bankruptcy. Mrs. Touchet sued Bourque and Central for her personal injuries resulting from the accident. She recovered judgment against *148 Bourque and his insurer for $15,000; but her recovery against Central was limited to its $5,000 policy limits. Bourque then filed bankruptcy proceedings.

1.
The plaintiff trustee's principal cause of action is based upon the loss caused the bankrupt by the defendant insurer's allegedly unreasonable refusal to compromise Mrs. Touchet's claim within its policy limits.[1] The trial court dismissed it upon an exception of no cause of action. The trial court held that under the petition the bankrupt Bourque had sustained no damages because "Damages, if any, will occur only when Gordon Paul Bourque pays the judgment * * * in excess of [Central's policy limits]."
In this holding, in our opinion, our trial brother erred.
Under the allegations of the petition, the bankrupt Bourque was damaged by the defendant Central's prior breach of its duty to him; the damage caused by such breach being that Bourque was held liable to Mrs. Touchet by the excess judgment in the amount of $10,000. This is the cause of action being asserted herein by Bourque's trustee in bankruptcy for the benefit of Bourque's creditors, especially Mrs. Touchet, his principal creditor.
Under the general jurisprudence (see authorities referred to in citations at Footnote 1), the measure of the damage to Bourque at the time of judgment in excess of policy limits was the $10,000 excess for which he was cast. The further general rule is that, if a person is injured through another's breach of duty, he may recover for the resultant damage whether or not he has actually repaired or paid for it. Bergeron v. Roberson, 224 La. 932, 71 So.2d 332; Fullilove v. United States Casualty Co., La.App., 2 Cir., 129 So.2d 816 (syllabus 28); Hughes v. Louisiana Power & Light Co., La.App. 1 Cir., 94 So.2d 532; see 7 West's Louisiana Digest "Damages".
In the last cited cases, the injured parties recovered tort-caused property repairs or medical expenses for which they were liable to a third person but which they had not paid. As the authorities to be cited later show, the same principle is applicable where the insured (here, Bourque) is liable because of his insurer's breach of duty to a judgment creditor (here, Mrs. Touchet). Although the insured may not yet have paid the liability incurred by him resulting from the insurer's breach, the measure of his recovery for the breach is nevertheless the excess amount for which he is liable because of it.[2] Thus, prior to the institution of the bankruptcy proceedings at least, under the allegations of the petition Bourque had a cause of action to recover $10,000 from the defendant Central because of damages caused him by Central's breach of its obligation to him.
With exceptions not here pertinent, upon the filing of the bankruptcy proceedings the trustee becomes vested by operation of law with title to all of the bankrupt's property, including causes of action which could have been enforced by him if he had not gone into bankruptcy. 11 U.S.C.A. § 110(a), especially subsections (5) and (6); Annotation, Bankrupt's Right of Action in Tort, 66 A.L.R.2d 1217; 9 Am.Jur.2d "Bankruptcy", Sections 872-875. This includes the type of cause of action here asserted. Anderson v. St. Paul Mercury Co., 340 F.2d 406 (C.A.7, 1965); Moore v. United *149 States F. & G. Co., 325 F.2d 972 (C.A. 10, 1963); Palmer v. Travelers Insurance Co., 319 F.2d 296 (C.A.5, 1963); Brown v. Guarantee Insurance Co., 155 Cal.App.2d 679, 319 P.2d 69, 66 A.L.R.2d 1202, 1213-1216 (1958). Cf. Schueler v. Phoenix Assurance Corp., 223 F.Supp. 643 (D.C.Mich. 1963), where such a cause of action held not transferrable to trustee under that particular state's (Michigan's) law.
The thrust of Central's principal contention is that, conceding the trustee was vested with any cause of action Bourque had against Central, nevertheless Bourque was not damaged by the Touchet excess judgment against him because he did not pay all or part of it prior to his adjudication as a bankrupt. As we have previously noted, however, the general rule is that one damaged through another's breach may recover for breach-caused loss for which he is liable to a third person (for example, a repairman, a hospital) whether or not the damaged person has actually paid the loss incurred by reason of the breach.
Pursuant to this general rule, the overwhelming weight of authority, including all except one case decided within the last two decades, holds that prior payment upon or satisfaction of an excess judgment is not a prerequisite for the insured's recovery against his insurer for its unreasonable failure to settle within policy limits; and, in the instances where the insured has subsequently gone into bankruptcy without paying the excess judgment, the decisions have permitted the insured's trustee or the trustee's assignee to enforce the insured's cause of action to recover the amount of the excess judgment for which the judgment debtor was cast through the insurer's breach of duty. See: federal cases: Anderson v. St. Paul Mercury Indemnity Co., 340 F.2d 406 (C.A.7, 1965); Southern Farm Bureau Cas. Ins. Co. v. Mitchell, 312 F.2d 485 (C.A.8, 1963); Smoot v. State Farm Mut. Auto. Ins. Co., 299 F.2d 525 (C.A.5, 1962); Lee v. Nationwide Mut. Ins. Co., 286 F.2d 295 (C.A.4, 1961); Jessen v. O'Daniel, 210 F. Supp. 317 (D.C.Mont.1962); Wessing v. American Indemnity Co., 127 F.Supp. 775 (D.C.Mo.1955); state cases: Sweeten v. National Mutual Ins. Co., 233 Md. 52, 194 A.2d 817 (1963), Noted, 50 ABAJ 378 (1964); Henke v. Iowa Mutual Cas. Co., 250 Iowa 1123, 97 N.W.2d 168 (1959); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dalrymple, 270 Ala. 119, 116 So.2d 924 (1959); Farmer's Insurance Exchange v. Henderson, 82 Ariz. 335, 313 P.2d 404 (1957); Schwartz v. Norwich Union Indemnity Co., 212 Wis. 593, 250 N.W. 446 (1933); American Fire & Casualty Co. v. Davis, 146 So.2d 615 (Fla.App.1962); Brown v. Guarantee Insurance Co., 155 Cal. App.2d 679, 319 P.2d 69, 66 A.L.R.2d 1202 (1958); Southern Fire & Casualty Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785 (1952). Cf. Murray v. Mossman, 56 Wash. 2d 909, 355 P.2d 985 (1960) and Comunale v. Traders & General Insurance Co., 50 Cal. 2d 654, 328 P.2d 198, 68 A.L.R.2d 883 (1958); also, Brown v. United States F. & G. Co., 314 F.2d 675 (1963) and Gregerson v. Aetna Cas. & Surety Co., 241 F.Supp. 204 (1964).
The scattered decisions contrary to this majority view are not persuasive: Harris v. Standard Accident Co., 297 F.2d 627 (C.A.2, 1961); Dumas v. Hartford Accident & Indemnity Co., 92 N.H. 140, 26 A. 2d 361 (1942); and Universal Automobile Insurance Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727 (rehearing denied) 87 S.W.2d 475 (1935).[3] The other federal circuits have expressly refused or have failed to follow the cited 1961 decision rendered by a divided panel in Harris v. Standard Accident *150 Co., the only recent decision supporting the minority view, see the Anderson, Mitchell, Smoot, and Lee decisions abovecited; indeed we have found no other recent decision which has done so. Further, it has been pointed out that the authorities upon which Harris relies are at least partially inapplicable, overruled, or otherwise nonpersuasive, see the cited Lee decision at 286 F.2d 298 (1961) and the cited Sweeten opinion at 194 A.2d 819 (1963) (which commented that the Harris decision had been "severely criticized", 194 A.2d 819).
We hold, therefore, that the trial court erred in sustaining an exception to the cause of action alleged by the trustee to collect from the insurer the excess over policy limits of the judgment for which the bankrupt was cast.

2.
In addition to the principal cause of action, by third supplemental amended petition (Tr. 35) the trustee alleges an additional cause of action. He claims damages of $150,000 for impairment of the reputation and credit of the bankrupt Bourque caused by his bankruptcy, which it is alleged resulted from the insurer's wrongfully permitting him to be subject to an excess judgment which he could not pay.
As previously noted, by operation of law the trustee is vested "as of the date of the filing of bankruptcy" with the assets of the bankrupt, including causes of action and other property which could have been transferred or seized "prior to the filing of the petition." 11 U.S.C.A. § 110(a), especially (5). Thus, with exceptions not here pertinent, the trustee does not acquire title to any after-acquired property or cause of action not vested in the bankrupt at the time the bankruptcy petition is filed. 8 C.J.S. Bankruptcy § 197; 9 Am.Jur.2d "Bankruptcy", Section 866.
Since any damage to Bourque's credit or reputation by reason of the bankruptcy was necessarily sustained after the petition was filed vesting only previously-owned assets in the trustee, the trial court correctly sustained the defendant's exception to the cause of action seeking recovery of such damages. Having so held, it is unnecessary for us to determine whether the alleged damage to reputation and credit is one of those personal "rights of action ex delicto for libel, slander, injuries to the person" (11 U.S.C.A. § 110(a) (5), proviso) which does not pass to the trustee but remains the property of the bankrupt, cf. Irion v. Knapp, 132 La. 60, 60 So. 719. In re Charness v. Katz, 48 F.Supp. 374 (D.C.Wis.1943).
We therefore affirm the trial court's dismissal of the cause of action alleged for recovery of such damages.

3.
By answer to the appeal, the defendant-appellee Central prays for review of the district court's overruling of Central's motion and exception questioning the right of the plaintiff-trustee to file and prosecute this suit in forma pauperis under LSA-C.C.P. Art. 5181 et seq.
This statutory privilege is given to "persons" unable to pay the costs of court because of poverty and lack of means, with a "person" being relevantly defined as "an individual who is a citizen of this state." LSA-C.C.P. Art. 5181.[4] The Louisiana jurisprudence has interpreted this statutory *151 privilege as available to individuals who file suit in a representative capacity, even though the representative is not himself a pauper, provided at least that the person or persons represented by him could qualify for the privilege. Causey v. Opelousas-St. Landry Securities Co., 187 La. 659, 175 So. 448 (curator of vacant succession); Beuhler v. Beuhler Realty Co., 155 La. 319, 99 So. 276 (tutrix); Fontenot v. United States F. & G. Co., La.App. 1 Cir., 113 So.2d 33 (father as administrator of child's estate).
We need not, however, decide at this time whether under this jurisprudence the trustee in bankruptcy of an estate without any assets is a representative of an insolvent "individual" entitled to the privilege of the act. A showing was made herein that the trustee did have the means to pay the costs of court. By certified copy of the bankruptcy proceedings, it is shown that the referee approved the trustee's employment of an attorney to collect the present claim only upon condition that "the trustee should be held harmless for any costs in the furtherance of this action which said costs are to be paid by said attorney and said attorney shall be reimbursed for costs out of any sums he may recover." Tr. 46.
The trustee thus does not qualify for the privilege of filing suit in forma pauperis, since he was not unable to pay the costs of the suit. See also In re American Mounting & Die Cutting Co., 126 F.2d 419 (C.A.8, 1942) and Roche v. New Hampshire National Bank, 97 F.Supp. 61 (D.C. N.H.1961), where trustees were not permitted to proceed in forma pauperis in the federal courts, 28 U.S.C.A. § 1915, in the absence of a showing that the creditors for whose benefit the actions were instituted were persons entitled to proceed as paupers. See also 8B C.J.S. Bankruptcy, § 629.
We therefore hold that the trustee should be required to pay or to put up bond to pay future[5] costs as they accrue following the effective rescission of the order authorizing the plaintiff to proceed in forma pauperis.
Decree.
For the foregoing reasons, we affirm the trial court's dismissal of the plaintiff's additional claim for $150,000 by "Amended Petition" of September 21, 1964; but we reverse the trial court's judgment insofar as it sustains the exception to the plaintiff-trustee's claim based upon the bankrupt's cause of action for damages resulting from the judgment against him in excess of policy limits. We remand the case for further proceedings not inconsistent with the views expressed herein.
All costs of this appeal are assessed against the defendant-appellee; all other costs to await the final disposition of this proceeding.
Affirmed in part; reversed and remanded in part.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Annotation, Liability insurerduty to settle, 40 A.L.R.2d 168; Younger v. Lumbermens Mutual Cas. Co., La.App. 3 Cir., 174 So.2d 672; Wooten v. Central Mutual Ins. Co., La.App. 3 Cir., 166 So. 2d 747.
[2] Of course, although this is not here at issue, possibly the damages sustained might be mitigated or reduced by valid compromise between him and the judgment creditor in an amount less than the excess for which the insured was cast, cf., Bertrand v. Ducote, La.App. 3 Cir., 128 So.2d 809.
[3] Duncan v. Lumbermen's Mut. Cas. Co., 91 N.H. 349, 23 A.2d 325 (1941), cited to us by appellee, does not concern the present issue. The same court which decided State Auto. Mut. Ins. Co. of Columbus, Ohio v. York, 104 F.2d 730 (C.A. 4, 1939), sometimes cited as supporting the minority view, noted that the supposed holding was only a passing comment which was expressly overruled. See Lee v. Nationwide, cited in opinion supra., at 286 F.2d 296 (1961).
[4] As amended in 1964, Article 5181 provides: "A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.

"As used in this chapter: `judicial proceeding' includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board; and `person' means an individual who is a citizen of this state, or an alien domiciled therein for more than three years."
The official revision comment notes that Article 5181 as found in the 1960 Code makes no change in the law.
[5] "When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to" the privileges of the act. LSA-C.C.P. Art. 5185. (Italics ours.)