Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
This matter is before us for the fourth time on a devolutive appeal taken by Mrs. Marie Bernice Touchet (the prior decisions which we rendered in this matter are reported in 166 So.2d 747, 177 So.2d 657 and 182 So.2d 146). We fail to find a final judgment in the record, however, and for that reason we must dismiss the present appeal ex proprio motu.
The suit was instituted originally by Charles N. Wooten, as Trustee in Bankruptcy. Almost three years later a motion was filed by Mrs. Touchet, alleging that the cause of action had been assigned to her and praying that she be substituted as plaintiff and that she be permitted to prosecute the suit in forma pauperis. An ex parte order was signed by the trial judge on September 29, 1966, directing that Mrs. Touchet be substituted as plaintiff and that she be permitted to proceed in forma pauperis.
Defendant filed an exception of no right or cause of action to the motion of Mrs. Touchet, alleging that the assignment of the claim to her is invalid, and praying that the order signed on September 29, 1966, be set aside. Defendant also caused a rule to issue traversing Mrs.' Touchet’s right to proceed in forma pauperis.
The exception of no right or cause of action filed by defendant came up for trial on December 22, 1966, and the minutes of the trial court for that date contain the following entry relating to this case: “Exception of No Cause or Right of action fixed for this day, taken up, tried and Exception is maintained.”
An application for rehearing or new trial was filed timely by Mrs. Touchet, and a hearing was held on that application on January 16, 1967. The minutes of the trial court for that date contain the following entry relating to this case: “Application for New Trial fixed for this day, taken up, tried and Application for New Trial is denied. Written reasons to be filed.”.
On January 17, 1967, a one-page document entitled “Ruling” was filed in the record. This document is dated December 22, 1966, and it contains the written reasons which were assigned by the trial judge for the judgment which was rendered on December 22, 1966. In the first part of this ruling the trial judge sets out the reasons why he concluded that the purported transfer of the claim from Wooten to Mrs. Touchet is invalid, and he then concludes the document with the following statement:
“The Exception of No Cause of Action will be maintained. The order authorizing substitution is vacated and annulled in its entirety. The effect of the vacation of the order will have the effect of denying the right to proceed in forma pauperis at this time, however, that is not at issue.”
*787 The above described “ruling” is unsigned, and the record contains no other judgment or document signed by the trial judge which purports to decree that the exception filed by defendant is maintained or that the ex parte order permitting Mrs. Touchet to be substituted as plaintiff in this suit is rescinded. The minutes of the court do not indicate that any such judgment has ever been read and signed in open court.
If a judgment in line with the “ruling” had actually been read and signed, such a judgment would have been a final, ap-pealable judgment insofar as Mrs. Touchet and the defendant are concerned, since it would have determined all of the points of controversy between them. LSA-C.C.P. art. 1841; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (1957); Perot v. United States Casualty Co., 98 So.2d 584 (La.App. 2d Cir. 1957, Cert. denied); Stevens v. Daigle & Hinson Rambler, Inc., 148 So.2d 105 (La.App.1st Cir. 1962). As we have noted, however, no such judgment was read and signed.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083. Article 1911 of the Louisiana Code of Civil Procedure provides that “all final judgments shall be read and signed by the judge in open court.” And article 1918 provides:
“A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.” (LSA-C.C.P. art. 1918).
In the instant suit, as we have already pointed out, no judgment' has been “read and signed by the trial judge in open court,” no decree or document has been identified as a final judgment by appropriate language, and there is no judgment in the record which is separate from the above described opinion rendered by the trial judge.
Since the record does not contain a final judgment from which an appeal can be taken, the present appeal is premature and we must dismiss it ex proprio motu. Davis v. Underwriters at Lloyd’s of London, 142 So.2d 803 (La.App.1st Cir. 1962) ; Fontenot v. Lee, 160 So.2d 26 (La.App.3d Cir. 1964); Brawley v. Landreneau, 170 So.2d 673 (La. App.1t Cir. 1964); Tolbert v. Thomas, 173 So.2d 391 (La.App.1st Cir. 1965); Gay v. Gay, 193 So.2d 537 (La.App.3d Cir. 1967); Abramson v. Piazza, 198 So.2d 565 (La. App.3d Cir. 1967).
For the reasons herein assigned, the appeal taken by Mrs. Marie Bernice Touchet is hereby dismissed at her costs.
Appeal dismissed.