HOOD, Judge:
This is the fifth time this case has been before us.[1]
It is before us now on an appeal taken by Mrs. Marie Bernice Touchet from a judgment of the trial court maintaining defendant’s exception of no cause of action and dismissing the suit.
The suit was instituted originally by Charles N. Wooten, as Trustee in Bankruptcy, against Central Mutual Insurance Company. Almost three years later a motion was filed by Mrs. Touchet alleging that she is the assignee and/or subrogee of the cause of action and praying among other things that an order be issued substituting her as plaintiff. The defendant filed an exception of no right or cause of action, alleging that the assignment of the claim to Mrs. Touchet is invalid. After trial, judgment was rendered by the trial court maintaining that exception and dismissing the suit. Mrs. Touchet has appealed from that judgment.
Attached to Mrs. Touchet’s motion to be substituted as plaintiff is a document which purports to assign the cause of action to her. It consists of an authentic act executed by Charles N. Wooten reciting that by that document he assigns and transfers to Mrs. Touchet all of his rights in said litigation, and authorizes that she be substituted in his stead as plaintiff. There is nothing in the record to indicate that the cause of action was ever appraised in the bankruptcy proceeding, or that it was sold to Mrs. Touchet at public auction, or that the assignment to her had ever been approved by the Referee in Bankruptcy.
The trial judge held that the purported assignment to Mrs. Touchet was invalid because “nothing in the record shows the court that he (the trustee) had authority to transfer the claim of the bankrupt to Mrs. Touchet.”
The appellant, Mrs. Touchet, contends primarily that the trial court was without jurisdiction to determine that the assignment was invalid. She argues that “this matter can only be passed upon by the bankruptcy court as it is a bankruptcy controversy and is strictly within the jurisdiction only of the bankruptcy court.” As authority for that argument she refers us to *692 the cases of Brown v. Gerdes, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659, and Eau Claire National Bank v. Jackman, 204 U.S. 522, 27 S.Ct. 391, 51 L.Ed. 596, and to the following statement of law from Corpus Juris Secundum:
“A state court has full control over litigation instituted therein by a trustee in bankruptcy, but it may not, as an incident thereto, take action which involves the performance of functions which have been entrusted to the bankruptcy court.” [2]
The issue presented here was not considered in either of the cited cases, and for that reason we find that those cases are not applicable. We agree with the above quoted statement of law to the effect that the state court may not perform functions which have been entrusted to the bankruptcy court. In our opinion, however, a determination of the issue which is presented here is not a function which has been entrusted exclusively to the bankruptcy court.
We think the question of whether Mrs. Touchet has the right to be substituted as plaintiff in the instant suit is one which must be resolved by the state court in which that action is pending. We realize that a determination of that issue requires a decision as to whether the purported assignment to Mrs. Touchet is valid, and that the validity of that assignment is governed to some extent at least by the bankruptcy act. We conclude, however, that the trial court is vested with jurisdiction to determine whether Mrs. Touchet has a right of action or has alleged a cause of action, and that in connection therewith the court also has jurisdiction and authority to determine whether the assignment from the trustee to Mrs. Touchet was valid or invalid.
As we have already noted, the trial judge held that the purported assignment to Mrs. Touchet was invalid because there was no showing that the trustee had authority to make such a transfer.
The bankruptcy act provides that the trustee in a bankruptcy proceeding shall be vested with title to the bankrupt’s property, including rights of action, and that the court shall appoint an appraiser to appraise all of the property belonging to the bankrupt’s estate. 11 U.S.C.A. Sec. 110(a) and (f). The act further provides that “[rjeal and personal property shall, when practicable, be sold subject to the approval of the court”, and that “[i]i shall not be sold otherwise than subject to the approval of the court for less than 75 per centum of its appraised value.” 11 U.S.C.A. Section 110(f).
Pursuant to the provisions of the bankruptcy act, the Supreme Court issued a general order providing that “[a]ll sales shall be by public auction unless otherwise ordered by the court”, and that “[ujpon application to the court, and for good cause shown, the receiver or trustee may be authorized to sell the property of the estate or any specified portion thereof at private sale”. 11 U.S.C.A. Sec. 53, Order 18.
Since the record in this case fails to show,that the bankrupt’s cause of action against defendant was appraised and sold at public auction, or that the purported sale or assignment to Mrs. Touchet was never authorized or approved by the bankruptcy court, we agree with the trial judge that the record fails to show that the trustee had authority to make such a transfer. The trial court correctly held that under these facts the assignment was invalid and appellant thus did not have a right of action.
The appellant contends alternatively that defendant cannot attack the assignment unless it alleges and shows “injury resulting from the assignment itself, which would not have resulted if the claim had been prosecuted by the original claimant.” In support of that argument we have been re *693 ferred to the cases of Dugue v. Levy, 120 La. 369, 45 So. 280; Sedwell’s Assignee v. Moore, 10 Mart., O.S., 117; Union Bank of Louisiana v. Succession of Ross, 21 La. Ann. 513; and Bonner v. Beaird, 43 La. Ann. 1036, 10 So. 373.
It is unnecessary for us to consider the legal question posed by this argument, because we think the record shows that the rights of defendant will be prejudiced and defendant thus will sustain injury if it is not permitted to question the validity of the assignment in this proceeding. Since the assignment to Mrs. Touchet is invalid, any judgment which may be rendered in this suit would not be res judicata as to another suit based on the same cause of action filed by the trustee or by another assignee. Defendant may attack the validity of the assignment, therefore, since it would be prejudiced if it is denied the right to do so.
Mrs. Touchet contends, finally, that defendant’s attack on the assignment must fail because it did not allege specifically the facts on which the invalidity of the act is based and because defendant has incorrectly challenged the procedural capacity of Mrs. Touchet by a peremptory rather than a dilatory exception.
In its exception defendant alleges that Mrs. Touchet’s motion to be substituted as plaintiff “sets forth no legal basis for assignment by Charles N. Wooten, Trustee, plaintiff herein, of the herein cause and thus no legal basis exists for authorizing and permitting said Mrs. Marie Bernice Touchet to be substituted * * * ” In oral and written arguments counsel for defendant asserts that the purported assignment to Mrs. Touchet is invalid because it was not authorized by the Referee in Bankruptcy, and thus the trustee had no legal right to dispose of this item of property which belonged to the bankrupt’s estate.
Article 924 of the Louisiana Code of Civil Procedure provides that exceptions “shall state with particularity the objections urged and the grounds thereof”. Other pertinent articles provide, however that “no technical forms are required,” and that “[ejvery pleading shall be so construed as to do substantial justice.” LSA-C.C.P. Arts. 854 and 865.
We think the allegations contained in the exception are sufficient to satisfy the requirements of Article 924 of the Code of Civil Procedure, and they adequately appraise plaintiff of the grounds for the exception.
In our opinion Mrs. Touchet’s right to be substituted as plaintiff was properly questioned by defendant in a peremptory rather than a dilatory exception. The exception questions the appellant’s right to exercise the remedy provided by the original suit as distinguished from the remedy itself. Although the trustee had the right to exercise this remedy, Mrs. Touchet did not have that right because the assignment to her was invalid. The use of a peremptory exception to raise this issue was proper under LSA-C.C.P. Art. 927, which provides that “[t]he objections which may be raised through the peremptory exception include, but are not limited to, the following: * * * (5) No right of action, or no interest in the plaintiff to institute the suit.”
Defendant filed an answer to the appeal praying, in the event the judgment appealed from should be reversed, that Mrs. Touchet be denied the right to proceed in forma pauperis. It is unnecessary for us to consider this demand since we have concluded that Mrs. Touchet is not entitled to be substituted as plaintiff.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to the appellant.
Affirmed.

. For prior decisions which we have rendered in this matter, see La.App., 166 So.2d 747; 177 So.2d 657; 182 So.2d 146 and 200 So.2d 785.

. 8A C.J.S. Bankruptcy § 356, p. 673.