PRICE, Judge.
Lee Halleron brought this action against United Companies Mortgage & Investment of Monroe, Inc. (herein called United) and others for damages suffered from the alleged breach of contract to loan plaintiff $40,150 for the purchase of certain real estate. All parties other than United have been dismissed from the action by the sustaining of an exception of no right or cause of action from which no appeal has been taken.
Plaintiff alleged that an attorney selected by United performed the necessary legal work to effect the transfer of the property he intended to purchase and the mortgage to be given as security for the loan. He further alleged the attorney negligently omitted a portion of the legal description in the deed and mortgage and United can-celled its commitment to make the loan.
Plaintiff contends the attorney was an agent of United and if the negligence of the agent caused the loan to be cancelled, then United is responsible for the negligent omissions of their agent and are liable to plaintiff for the damages suffered thereby. Alternatively, plaintiff contends if the negligence of the attorney did not cause the cancellation of the loan, then United is liable for the damages under breach of contract. The other alternative pleadings are related solely to plaintiff’s action directed at the attorney which is no longer an issue on this appeal.
Plaintiff itemized the damages resulting from his failure to obtain the loan in two categories — those relating to the loss of his existing business and expected profits to be derived therefrom, and those resulting from his filing of a voluntary petition in bankruptcy (allegedly caused by the cancellation of the loan) such as loss of business standing, respect, credit rating, humiliation and mental anguish.
An exception of no right of action was filed by United based on its contention that any cause of action possessed by Halleron had become vested in the Trustee in bankruptcy under the provisions of 11 U.S.C.A. Sec. 110.
After oral argument on the exception, but prior to rendition of judgment thereon, the Trustee in bankruptcy filed an intervention adopting the allegations of plaintiff’s original petition and asking for judgment for all items of damage other than those itemized as resulting solely from the act of taking bankruptcy, and in the alternative, all actions sued on by plaintiff.
The trial judge sustained the exception of no right of action and rejected the petition of intervention by the Trustee.
Plaintiff has appealed from this judgment dismissing his suit, urging the holding of the trial court is contrary to the case of Wooten v. Central Mutual Insurance Co., 182 So.2d 146 (La.App. 3d Cir. 1966).
Plaintiff contends that the damages claimed by him for loss of business standing, credit rating, humiliation, etc., caused by the filing of the bankruptcy petition, only came into being after the filing of the petition and that by the provisions of 11 U.S.C.A. 110(a), subpar. (5), as interpreted by Wooten, supra, do not vest in the Trustee but belong to the bankrupt.
*477 In the Wooten case, the appellate court affirmed the trial court’s refusal to allow a Trustee to prosecute an action for damages to a bankrupt for the impairment of reputation and credit resulting from the filing of the bankruptcy. The court reasoned that these causes of action only arose after the filing of the petition and under the provisions of 11 U.S.C.A. Sec. 110(a), sub. par. (5), do not become vested in the Trustee.
Although our views may be contrary to those expressed in the Wooten case, we are of the opinion that any cause of action accruing to the plaintiff arises by virtue of a breach of contract. If there was a breach of the contract, the breach took place prior to the filing of the petition of bankruptcy. Any damages resulting from a breach of contract become vested in the Trustee by the provisions of 11 U.S.C.A. Sec. 110(a), subpar. (6) rather than sub. par. (5). Even though damages may be suffered subsequent to the filing of the petition of bankruptcy, they are a result of the initial alleged breach of contract and the right of action for damages resulting therefrom became vested in the Trustee. 8 C.J.S. Bankruptcy §§ 194a, 197; 9 Am.Jur.2d (Bankruptcy), Secs. 866, 873.
Upon sustaining the exception of no right of action and dismissing the principal demand by plaintiff, the trial judge correctly disallowed the intervention by the Trustee without prejudice to the Trustee’s right to assert his claim in a separate suit. Since the principal demand was dismissed, the intervention was properly dismissed with it. Erskine v. Gardiner, 162 La. 83, 110 So. 97 (1926); Chrysler Corp. v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962).
Plaintiff alleged as a third specification of error that the trial court erred in refusing plaintiff to file an amended petition incorporating the renunciation of the Trustee’s right, title and interest in the suit in favor of Halleron. The record does not contain any amended petition, nor does it reflect any ruling on behalf of the trial court in this matter; therefore, the issue is not properly before this court for consideration.
For the foregoing reasons, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed and rendered.