SARTAIN, Judge.
This is a suit on an oral contract in which Marine & Land Contractors, Inc. (MALCO) agreed to do certain sandblasting and other work on a barge owned by Marine Rental Service, Inc. (MARS). Plaintiff MALCO brought the suit for the unpaid contract price of $5500.00. Defendant MARS answered admitting the existence of the contract but alleging that the work performed by MALCO was not in compliance with the contract and, in fact, was of absolutely no value. MARS reconvened for damages which it had allegedly sustained as a result of MALCO’s breach of the contract. Plaintiff appeals from adverse judgments on the main and reconventional demands. We affirm.
This case presents factual questions as .to the terms of the oral agreement, the work performed by MALCO, and the amount of damages. On factual issues such as these we are required to uphold the findings of the trial judge absent a showing of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Three persons testified that they were present when the oral agreement was reached. Albert Griffin and Kennedy Farmer were present for MALCO and Alvin Delaune was present for MARS. Both Griffin and Delaune testified that the agreement was to sandblast, dimetcote and tarset the barge. Farmer testified that the agreement was to commercially sandblast and then tarset the barge. A commercial blast removes all large pieces of caked rust although some tiny rust particles may remain. On the other hand, a near-white blast removes all dirt, surface coating, and rust, leaving the base metal exposed with only a slight rust discoloration. Delaune stated that no special type of sandblasting was specified. Griffin first stated that the agreement was to commercially blast, dimetcote, and tarset. However, when it was pointed out to him that the manufacturer’s specifications for applying inorganic zinc primer (dimetcote) require a near-white blast, he stated his understanding was that the zinc primer was to be applied in accordance with the specifications. He then went on to define commercial sandblast in a manner synonymous with the definition of near-white sandblast. We find no manifest error in the determination that the agreement called for a sandblast leaving the bare metal exposed with only a slight discoloration, dimetcote, and tarset. The fact that the officers of plaintiff did not understand this to be the agreement is of no moment. It is not alleged that Griffin was not authorized to contract for MALCO.
It is undisputed that MALCO did not sandblast the barge to the extent agreed or dimetcote the barge to any extent. This of itself is a breach of contract. However, the evidence also preponderates to the effect that not even a commercial sandblast, as it is generally defined, was performed. The tarset was applied over large cakes of rust according to defendant’s witnesses. Although plaintiff’s witnesses disputed this point, we will not disturb the trial judge’s determination to the contrary.
The trial judge found that the work performed by MALCO was worthless. This was because MALCO had applied tarset over large cakes of rust. In order to do the job originally agreed to, it would be necessary to start over. We agree with this determination.
In assessing damages the trial judge relied on an estimate given by an expert called by plaintiff that he would charge $12,000.00 to near-white sandblast, dimet-cote and tarset this barge. Although the expert stated that this estimate was somewhat high, he also stated that it was fair and honest. We do not believe that the trial judge committed error in accepting this estimate absent other testimony as to the cost of the work.
Plaintiff had agreed to do this job for $5500.00. He breached his agreement. *86 Defendant proved that it would cost him $12,000.00 to have someone else do the job. We therefore agree with the award of $6500.00 damages given by the trial judge. See Scheppegrell v. Barth, 239 La. 42, 117 So.2d 903 (1960). Plaintiff argues that defendant has failed to show damages because the barge was never resandblasted. However, an injured party is not required to repair his damages prior to instituting suit. Scheppegrell, above; Wooten v. Central Mutual Insurance Co., 182 So.2d 146 (La. App. 3rd Cir. 1966).
For the reasons assigned, the judgment is affirmed at appellant’s costs.
AFFIRMED.