528 So.2d 229 (1988)
Fred LANDRY, Plaintiff-Appellant,
v.
CALCASIEU MARINE NATIONAL BANK and Paul Digiglia, Defendants-Appellees.
No. 87-456.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Rehearing Denied August 8, 1988.
Fred Landry, Lake Charles, in pro per.
Camp, Carmouche, Scott J. Pias, Thad Minaldi, Lake Charles, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
*230 FORET, Judge.
Plaintiff-appellant, Fred Landry, appeals from a judgment sustaining an exception of no right of action filed on behalf of defendants, Calcasieu Marine National Bank (Calcasieu Marine) and Paul DiGiglia. We affirm.

FACTS
In this action, plaintiff, Fred Landry, sued for damages resulting from an alleged breach of promise by defendants, Calcasieu Marine and Paul DiGilia.
Calcasieu Marine and DiGilia filed declinatory, dilatory, and peremptory exceptions in response to Landry's petition. In response to defendants' exceptions, Landry filed an "answer to exceptions," wherein he admitted his status as a bankrupt as follows:
"Estate of petitioner was illegally converted to a Chapter 7 on a motion for an arm of the Court. 11 USC 1112 b specifically mandates that conversion must be by a party at interest. 11 USC 101 does not define a trustee as a party at interest. On 1-26-1984 ruling was that case would be dismissed should attorney for trustee not file 11-11-1983 objection to discharge. Additionally, trustee and trustee attorney fees are infested with fraud. Judgment therefore of 6-13-1985 is unenforceable, illegal and of no consequence."
The trial court sustained defendants' exception of no right of action on the basis that any existing cause of action belonging to Landry became the property of the "bankrupt estate" when Landry filed for bankruptcy. As such, defendants urged, Landry no longer retained a right of action to bring this suit. Instead, the bankruptcy trustee would be the proper party plaintiff.
The trial court, in sustaining the exception, found that Landry had no right to bring the action for damages and dismissed the matter.

ISSUE
Insofar as the trial court sustained defendants' exception of no right of action without considering defendants' other exceptions filed, our review is confined to determining the correctness of the trial court's action in sustaining the exception of no right of action.
Landry's petition for damages was filed in October of 1986 and its allegations refer to events occurring in March of 1981. Landry's reply to defendants' exceptions acknowledges that his estate was the subject of a bankruptcy estate in both 1983 and 1984. Therefore, the cause of action alleged arose before Landry's bankruptcy and his petition was filed after his bankruptcy.
Pursuant to 11 U.S.C. § 541(a)(1), the property of the bankrupt estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The bankruptcy trustee is, after the filing of the bankruptcy petition, the representative of the estate and has the capacity to sue and to be sued. See, 11 U.S.C. § 323. Therefore, any cause of action for breach of promise was vested in the trustee upon Landry's bankruptcy conversion to a Chapter 7. See, Wooten v. Central Mutual Insurance Co., 182 So.2d 146 (La.App. 3 Cir.1966), appeal dismissed, 200 So.2d 785 (La.App. 3 Cir.), affirmed, 202 So.2d 690 (La.App. 3 Cir.1967); Halleron v. United Companies Mortgage & Investment of Monroe, Inc., 256 So.2d 475 (La.App. 2 Cir.1972). The trial court was correct in finding that the cause of action set forth in Landry's petition arose prior to the filing of his petition of bankruptcy and that the trustee was the proper party plaintiff to bring the cause of action on behalf of Landry's estate.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court; costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.