JiBYRNES, Judge.
Plaintiff purchased a car from a company other than defendant-relator. Within the month, plaintiff purchased a second car from relator allegedly because relator’s salesman represented that he would somehow cancel the promissory note on the first car. When the plaintiff applied for credit on the second car, he did not disclose the debt on the first car. The note was not cancelled, and the salesman allegedly converted the car for use on a personal vacation.[1] Unable to make payments on both notes, the plaintiff filed for bankruptcy. In his Schedule of Assets, he did not disclose the existence of the cause of action he asserts in this case. On November 19, 1996, the bankruptcy judge discharged plaintiff of his debts, and relieved the bankruptcy trustee, Thomas Anderson. Sometime in early January 1997, plaintiff filed this suit asserting breach of contract, intentional misrepresentations, failure to properly supervise employees, conversion, unfair trade practices, and negligent hiring of employees. He sought damages for mental pain and suffering, damage to his credit, damages for having been forced into bankruptcy, and damages for repossession of the first car. The relator filed an |2exception of no right of action. At the hearing, the plaintiff produced a letter from the bankruptcy trustee stating that he abandoned the claim on any recovery that may be obtained in this ease. The trial court denied relator’s exception. Relator seeks this court’s supervisory jurisdiction to review that ruling. Relator argues that when the plaintiff filed for bankruptcy, *1027 the claims became the property of the bankruptcy estate, that the plaintiffs failure to disclose the claim on his Schedule of Assets renders the claim incapable of being abandoned, and that the trustee had no authority to abandon the claim after the November 19, 1996 order relieving him of his duties. Relator.' concludes that the plaintiffs claims against relator are, therefore, still part of the bankrupt estate and that plaintiff has no right to pursue claims of the bankrupt estate.
The exception of no right of action questions whether plaintiff is the proper person to sue for his injuries. La.C.C.P. art. 927(A)(6); Keen v. Louisiana Farm Bureau Ins. Co., 583 So.2d 835 (La.App. 1 Cir.1991), writ denied 587 So.2d 699 (La.1991). The exception raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Franks v. Royal Oldsmobile Co. Inc., 605 So.2d 633 (La.App. 5th Cir.1992).
A cause of action becomes the property of the bankruptcy estate upon the filing of the bankruptcy petition, even where the bankrupt claimant fails to list the cause of action in his Schedule of Assets. As stated in Davis v. Avco Finance, 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993):
The cause of action against defendants arose from an alleged pre-petition violation of the [Fair Debt Collection Practices Act]. Property of the estate encompasses “all legal and equitable interests of the debtor in property as of the commencement of the case”, 11 U.S.C. § 541(a)(1) (Callaghan, 1992-93), which includes causes of action. ... It is a debtor’s duty to file a schedule of assets existing at the time the petition for relief is filed. 11 U.S.C. sec. 521(1). Even though ^Debtors failed to list the cause of action as an asset, it nevertheless became property of the estate pursuant to Section 541(a)(1).
11 U.S.C. Sec. 554(d) provides that:
Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains the property of the estate.
On November 19, 1996 the bankruptcy court entered an order closing the bankruptcy estate and discharging the trustee. As of that date it is undisputed that plaintiffs claims against the relator had neither been administered nor abandoned by the bankruptcy trustee or the court. After that date we conclude that the trustee had no further authority to act in his official capacity. Consequently, any attempt by the said trustee to belatedly abandon assets of the bankrupt estate, including the claim asserted by the plaintiff herein against the relator, would be of no effect. Therefore, the two letters from the trustee dated subsequent to his discharge in which the trustee attempts to abandon plaintiffs claim against the relator are of no effect.[2]
In opposition to the relator’s writ application, the plaintiff contends that: “[T]he damages were not sustained until after the bankruptcy was filed.” Claims arising subsequent to the bankruptcy filing do not normally form part of the bankrupt estate. Plaintiff would retain the right to assert post-petition claims in his individual capacity. However, plaintiffs petition alleges that: “Because of defendants’ actions, petitioner was forced to have two car notes, and was subsequently forced to file bankruptcy.” Such damages allegedly sustained by the relator antedate the bankruptcy, and, in fact, allegedly caused the bankruptcy. ^Therefore, such claims would have been part of the bankrupt estate at its inception. Plaintiff is not the proper party to assert claims of the bankrupt estate unless those claims have been abandoned:
The law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11. U.S.C. *1028 § 554(c)[3], the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1)[4] before the close of the case.
Jeffrey v. Desmond, 70 F.3d 183, 186 (1 Cir.1995). Here, the cause of action was not scheduled, therefore could not be abandoned by operation of law, and was not abandoned by the trustee or by order of the court. Therefore, plaintiffs pre-petition claims remain property of the bankruptcy estate and he has no right to assert them.
Scarborough v. Duke, 532 So.2d 361 (La. App. 3 Cir.1988), the only case cited by the plaintiff in opposition to the writ application, deals with abandonment for non-prosecution under Louisiana law in Louisiana state courts, rather than ^abandonment of property by the trustee or the court in bankruptcy. Additionally, the cases cited by the Scarborough court indicate that the bankrupt is not the proper party to pursue a cause of action that belongs to the bankrupt estate. For example, in Jones v. Chrysler Credit Corp., 417 So.2d 425, 426 (La.App. 1 Cir.1982), writ denied 420 So.2d 456 (La.1982), cert. denied, 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 (1983); the court stated that:
Thus, all legal and equitable interests of the bankrupt in property vest in the trustee from the time the bankruptcy is filed. Thereafter, only the trustee can act to recover the assets of the bankrupt. It is the trustee, not the bankrupt, who has the legal capacity to sue upon a cause of action for damages arising prior to the filing of the petition in bankruptcy.
In Johnson v. Best Manufacturing Co., 263 So.2d 436, 439 (La.App. 1 Cir.1972), the court noted that the Referee in Bankruptcy (now referred to as “judge”) had the discretionary authority to permit the bankrupt instead of the trustee to pursue a claim. However, plaintiff in the instant case does not contend that the bankruptcy court authorized him to pursue this claim.
However, in Wooten v. Central Mutual Insurance Company, 182 So.2d 146 (La. App. 3 Cir.1966), the court noted that claims for damages for the impairment of reputation and credit caused by bankruptcy are a consequence of the bankruptcy arising after its filing. Therefore, a claim for such damages are not part of the bankrupt estate and the trustee does not replace the injured party as the proper party plaintiff as to those claims. In the instant ease the plaintiff does not allege damage to reputation as a result of the bankruptcy. The plaintiff does, however, allege impairment of credit. Although it appears that the “damage” to his credit which plaintiff includes among the allegations of his petition may refer to credit damage that was one of the precipitating factors of the bankruptcy and is thus a claim antedating the bankruptcy, it could refer to credit damage arising subsequent to the bankruptcy similar to the Wooten claim. An action for credit |6damage arising subsequent to the bankruptcy filing would not form part of the bankruptcy estate. Plaintiff would remain the proper party to assert such a claim, and at this stage of the proceedings his pleadings should be interpreted liberally enough to include credit damage arising out of and subsequent to the bankruptcy filing.
The Wooten court also suggested the possibility that the “alleged damage to reputation and credit is one of those personal ■ ‘rights of action ex delicto for libel, slander, injuries to the person’ (11 U.S.C.A. Sec. 110(a)(5), Proviso) which does not pass to *1029 the trustee but remains the property of the bankrupt ...” Id., 182 So.2d at 150.
The bankruptcy law has changed since Wooten was decided. Now personal injury claims arising prior to bankruptcy are part of the bankrupt estate. Matter of Wischan, 77 F.3d 875 (5 Cir.1996). Additionally, the Wischan court rejected the bankrupts’ attempt to exclude their claims for future pain and suffering from the bankrupt estate, holding that both pre- and post- petition pain and suffering would fall into the bankrupt estate where the pain and suffering commences pri- or to the petition, but continues subsequent to the petition. The Wischan court also noted that:
Although the proceeds of the pre-petition personal injury causes of action are initially property of the estate, some states and the federal government have created exemptions for them. See 11 U.S.C. Sec. 522(11)(D) [Footnote omitted] (a debtor may exclude an amount “not to exceed $15,000, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss ... ”) and (E) (exclusion of compensation for lost future earnings). Louisiana, however, opted out of the federal exemptions. 11 U.S.C. Sec. 522(b)(1). Not only that, but Louisiana does not provide an exemption for proceeds from a personal injury claim, for future medical expenses, or for future pain and suffering. See La.R.S. 13:3881(B).
Id., 77 F.3d at 877.
|7It is now too late for the plaintiff to attempt to take advantage of the $15,000.00 exemption referred to above in Wischan, because the plaintiff failed to claim the exemption in his bankruptcy. 11 U.S.C. Sec. 522(l); In re Hall, 169 B.R. 732 (Bankr. N.D.Okla.1994).
Accordingly, we conclude in accordance with Wooten, supra, that although any claim the plaintiff might have regarding damage to his credit prior to the bankruptcy would form part of the bankrupt estate, the plaintiff has the right to attempt to show that he sustained damages to his credit as a result of the bankruptcy. Plaintiff may be able to show damage to his credit caused by the bankruptcy itself that is sufficiently separate and distinct from the pre-petition credit damage such that it would not be subject to the Wischan rejection of attempts to “bifurcate” certain ongoing damages. For example, the plaintiff may be able to show that the bankruptcy itself constitutes a separate entry on his credit reports and that such entry has an impact on his. credit separate and distinct from pre-petition adverse credit entries.
In any event, if such separate damages can be shown to exist, we find that the plaintiff is the proper party to assert such claims and that he should be given the opportunity to do so.
Plaintiff also alleged damages for the repossession of his Dodge Stealth. We cannot tell when this repossession occurred. If this were a post-petition repossession, plaintiff would be the proper party to assert such a claim.
For the foregoing reasons, the judgment of the trial court is affirmed.

WRIT GRANTED; JUDGMENT AFFIRMED.

. We infer that this conversion was only temporary and that the plaintiff eventually recovered the vehicle only to have it ultimately repossessed for non-payment. Plaintiffs pleadings and mem-oranda seem to imply this, but we cannot be sure at this point.

. The letters are annexed to the plaintiff's opposition to the writ application. The relator objects to the letter dated June 4, 1998 on the ground that it was not offered below and is not properly part of the record. As we have determined that the letters are of no effect, we dismiss relator's motion to strike as moot,

. 11 U.S.C. § 554 provides:
(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
(d)Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

. 11 U.S.C. § 521(1) provides: "The debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.”