556 So.2d 147 (1990)
Gloria OTT
v.
Roger RICHARD and State Farm Mutual Automobile Insurance Company.
No. 89-CA-488.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
*148 Jerome Friedman, Metairie, for plaintiff-appellant Gloria Ott.
Edward P. Lobman, John C. Henry, Lobman, Carnahan & Batt, Metairie, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before KLIEBERT, BOWES and GOTHARD, JJ.
KLIEBERT, Judge.
Plaintiff-appellant, Gloria Ott, devolutively appeals from a judgment maintaining defendant-appellee, State Farm's exception of no right of action. The exception was grounded in the contention Ms. Ott no longer had a right to pursue her uninsured motorist claim for damages arising out of a motorcycle-pedestrian accident on August 25, 1986, because she filed a petition to be declared a bankrupt[1] in federal court, after this suit was filed. For the reasons hereinafter stated we affirm the trial court's ruling on the exception of no right of action but remand to give plaintiff time to amend her pleadings, if possible, so that the grounds of the objection may be removed by the joinder of indispensable parties or otherwise.
As contended by the appellee, an uninsured motorist claim, unless otherwise exempt by the bankruptcy statute, is a property right which vests in the trustee in bankruptcy upon filing of the petition in bankruptcy. However, it is discretionary with the referee in bankruptcy as to whether or not he shall give the trustee the mandate to prosecute any pending litigation or permit the plaintiff to continue it. See 11 U.S.C. Sections 522(d)(11)(D), 541(a)(1); Johnson v. Best Manufacturing Co., 263 So.2d 436 (1st Cir.1972); Scarborough v. Duke, 532 So.2d 361 (3rd Cir.1988).
More specifically, the First Circuit in Jones v. Chrysler Credit Corporation, 417 So.2d 425 (1st Cir.1982), cert. denied, 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 with respect to the proper party in interest after the bankruptcy petition has been filed, said at page 426:
"11 U.S.C.A. § 323 makes the trustee the representative of the bankrupt's estate, and grants him the capacity to sue and be sued. 11 U.S.C.A. § 541 provides that the commencement of a bankruptcy case creates an estate, which includes all legal and equitable interests of the bankrupt in property `as of the commencement of the case.' 11 U.S.C.A. § 704 obligates the trustee to collect and administer the bankrupt's estate. Thus, all legal and equitable interests of the bankrupt in property vest in the trustee from the time the bankruptcy is filed. Thereafter, *149 only the trustee can act to recover the assets of the bankrupt. It is the trustee, not the bankrupt, who has the legal capacity to sue upon a cause of action for damages arising prior to the filing of the petition in bankruptcy."
In response to the exception, in the trial court and here, appellant urges a so-called policy defense, i.e., bankruptcy or insolvency by the insured or her estate does not relieve the insured of its obligation. Simply put, the contention is without merit. The issue is not whether the insured appellant has liability; but, rather whether Ms. Ott is the proper party to assert the cause of action alleged in her petition.
In its reasons for judgment the trial court reasoned:
"The Court found that Ms. Ott no longer had the right of action to pursue this lawsuit since her bankruptcy wrested this right away from her. Furthermore, the Court held that the clause cited by plaintiff's lawyer as to State Farm's obligation, even in light of the plaintiff's bankruptcy, did not apply where she had a money judgment from her uninsured motorist carrier. That clause simply refers to the insurer's obligation to defend the insured. Since plaintiff has no right of action to pursue her claim because this right belongs to the bankruptcy trustee, she no longer has any rights to pursue this lawsuit, even under her uninsured motorist contract. This right also belongs to the bankruptcy trustee."
We agree with his reasoning and hence affirm his ruling. However, as pointed out in the above cited jurisprudence, it is discretionary with the bankruptcy trustee to prosecute any pending litigation or permit the plaintiff bankrupt to continue it. At the time the exception came up for hearing the first time, counsel for plaintiff was given time to contact the bankruptcy trustee and/or amend his pleadings. He did not do so. Again, during the hearing when the trial judge informed the litigants he would maintain the exception, at page 81 of the transcript, he said:
"... But what I'm going to do is grant the exception with leave to amend and bring in the trustee in ..."
However, the judgment did not grant plaintiff the leave to amend.
Therefore, under the authority of Code of Civil Procedure Article 934,[2] we amend the trial court judgment to grant to the plaintiff ten (10) days from the date on which this judgment becomes final in which to amend her pleadings, if possible, so that the grounds of the objection may be removed by joinder of indispensable parties or otherwise. Each party is to pay its own cost of the appeal.
AFFIRMED AND REMANDED.
NOTES
[1] At the hearing on the exception no tangible evidence as to the details of the bankruptcy was filed in evidence; however, the transcript contains an admission by counsel for appellant a bankruptcy petition was filed by Ms. Ott in the federal court. It was also admitted in argument that the petition in bankruptcy did not include the claim here sued on as an asset of the bankrupt. Although there may be merit to appellee's present contention that in the absence of such evidence there is no factual basis to support the exception of no right of action, since appellant did not raise the issue in the trial court and it is evident Ms. Ott filed a petition in bankruptcy, out of judicial expediency and economy, we choose to address the issue as to the effect the filing of the bankruptcy petition had on the claim being urged here.
[2] LSA-C.C.P. Article 934 provides as follows:

"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."