LDALEY, J.,
Dissents with Reasons:
I respectfully dissent. I would reverse the grant of the Exception of Prescription and remand for further proceedings.
The majority opinion correctly sets forth the law that prescriptive periods are strictly construed against prescription in favor of the obligation sought to be extinguished by prescription. Doskey v. Hebert, 1993-1564 (La.App. 4 Cir. 9/29/94), 645 So.2d 674.
I agree with the majority’s position that where prescription has tolled on the face of the petition, the buyer bears the burden of showing the claim has not prescribed and, in this respect, if bad faith of the seller was alleged, the buyer must prove the seller was in bad faith before the rules of LSA-C.C. art. 2546 apply. Insurance *172 Storage Pool, Inc. v. Parish Nat. Bank, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815.
The majority, in affirming the trial court’s grant of the Exception of Prescription, relies on the fact that the plaintiff failed to produce any evidence at the trial of the exception of defendant’s bad faith. At the hearing on the Exception of Prescription, however, defendant’s counsel admitted that his client gave false information to Mrs. Hunt regarding the existence of pilings. This admission of these facts, in my opinion, cures any deficiency regarding Hunt’s failure to produce evidence. As a general rule, arguments of counsel are not evidence. However, attorney’s statements of facts in argument can be admissions of adverse facts of evidentiary value. In Ott v. Richard, 556 So.2d 147 (La.App. 5 Cir.1990),2 plaintiff sued State Farm under her UM policy. State Farm filed an Exception of No Right of Action, arguing that because plaintiff had filed for bankruptcy, she no longer had the right to bring the suit. At the hearing on the exception, State Farm introduced “no tangible evidence as to the details of the bankruptcy,” but the exception was granted, and upheld on appeal, because plaintiff’s counsel admitted at the hearing that plaintiff had filed for bankruptcy AND that the petition in bankruptcy did not include the claim here sued upon as an asset of the bankrupt. Based upon the admissions of plaintiffs attorney, the court granted the defendant’s Exception of No Right of Action.
The fact that Defendant/Seller represented to Plaintiff/Buyer prior to the sale that the house was constructed on pilings is not contested. Quoting from the hearing on the prescription issue, defense counsel stated, “she [buyer] sends the subsequent, I think, letter to my client saying does the house have pilings; he [seller] says yes.”
Defendant/Seller does not contest the fact that plaintiffs redhibition suit was filed within one year of the discovery of the fact that the house was not constructed on pilings. Rather, defendant argues that he was in good faith because he did not know whether the house was built on pilings. Not knowing a fact, and affirmatively asserting a false fact, are treated quite differently for prescriptive purposes. Defendant/Seller’s counsel admitted that 1) Ragusa did in fact tell Mrs. Hunt that the house was on pilings, as she alleged he did; and 2) that Ragusa did not know that fact to be true at the time defendant made the material representation that the house was built on pilings. These admitted facts are enough evidence of Ragusa’s alleged bad faith to toll the prescriptive period. Therefore, I would reverse the grant of the Exception of Prescription and remand the matter for further proceedings.