417 So.2d 425 (1982)
Adal D. JONES
v.
CHRYSLER CREDIT CORPORATION.
No. 14944.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Writ Denied October 1, 1982.
Adair D. Jones, Johnnie A. Jones, Baton Rouge, for plaintiff-appellant Adal D. Jones.
Erwin A. LaRose, Baton Rouge, Trustee in Bankruptcy for Plaintiff, Adal D. Jones.
G. Thomas Arbour, Baton Rouge, for defendant-appellee Chrysler Credit Corp.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
This is an appeal by the plaintiff, Adal D. Jones, from a judgment of the district court maintaining the exception of no right of action filed by the defendant, Chrysler Credit Corporation, and dismissing plaintiff's suit; but reserving all rights of the trustee in bankruptcy to assert the cause of action. The basis for the lower court's decision was that since the plaintiff's cause of action for wrongful seizure of personal property arose prior to plaintiff's petition in bankruptcy, the trustee in bankruptcy, rather than the plaintiff, was the proper party to bring the action. 11 U.S.C.A. *426 § 323.[1] We agree with the ruling of the trial court, and affirm.
This action arises out of the seizure of a 1977 Chrysler automobile by Chrysler Credit Corporation. Adal D. Jones purchased the automobile from A. K. Durnin Chrysler-Plymouth, Inc., and it was financed by Chrysler. Jones allegedly became delinquent on his monthly obligations to Chrysler for the months of October, November, and December, 1979. On January 2, 1980, Chrysler sued to have Jones' vehicle seized for the delinquency. On January 15, 1980, the automobile was seized; it was sold at public auction without any attempt by Mr. Jones to have the proceedings or the sale stopped, or any appeal from any orders in the proceedings.[2]
Thereafter, on May 7, 1980, Jones and his wife, Marsha Costley Jones, filed a voluntary petition for bankruptcy and a trustee of the estate of the debtors was appointed.[3] The plaintiff instituted the present action for damages on February 17, 1981, which is after Jones and his spouse filed for bankruptcy.
11 U.S.C.A. § 323 makes the trustee the representative of the bankrupt's estate, and grants him the capacity to sue and be sued. 11 U.S.C.A. § 541 provides that the commencement of a bankruptcy case creates an estate, which includes all legal and equitable interests of the bankrupt in property "as of the commencement of the case." 11 U.S.C.A. § 704 obligates the trustee to collect and administer the bankrupt's estate. Thus, all legal and equitable interests of the bankrupt in property vest in the trustee from the time the bankruptcy is filed. Thereafter, only the trustee can act to recover the assets of the bankrupt. It is the trustee, not the bankrupt, who has the legal capacity to sue upon a cause of action for damages arising prior to the filing of the petition in bankruptcy.
Accordingly, we hold that the district court properly maintained the exception of no right of action and dismissed the bankrupt's suit. We affirm at appellant's costs.
AFFIRMED.
NOTES
[1] 11 U.S.C.A. § 323 reads:

"(a) The trustee in a case under this title is the representative of the estate.
"(b) The trustee in a case under this title has the capacity to sue and be sued."
[2] Exceptor has attached to its exception of no right of action copies of the notice of the filing of the bankruptcy, civil action for deprivation of civil rights in violation of 42 U.S.C.A. § 1983 (filed February 28, 1980) in the Middle District of Louisiana, and the minute entry and judgment dismissing said civil action on December 12, 1980.
[3] Apparently, the action was not listed on the schedules filed with the petition, and the trustee only learned of the action for damages at the first meeting of the creditors, June 24, 1980. In any event, there is no showing that the trustee has abandoned or transferred the action back to the bankrupt.