532 So.2d 361 (1988)
Loy SCARBOROUGH and Hess Curry and The American Bank and Trust Company in Monroe, Plaintiffs-Appellees,
v.
John A. DUKE, Defendant-Appellant.
No. 87-725.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
*362 Norman Magee, Ferriday, James A. Hobbs, West Monroe, Chet D. Traylor, Winnsboro, Irving Ward-Steinman, Alexandria, for plaintiffs-appellees.
Charles J. Schrader, Houma, Patrick L. Durusau, Jena, for defendant-appellant.
James E. Wright, Jr., New Orleans, for bankruptcy trustee.
Bienvenu & Culver, P.A. Bienvenu, New Orleans, for defendant.
Before GUIDRY, FORET and STOKER, JJ.
STOKER, Judge.
We consider in this case the question of whether a plaintiff's action is saved from being considered abandoned under LSA-C. C.P. art. 561 because the plaintiff files a petition in bankruptcy.[1] Stated in other words, does the automatic stay provision of 11 U.S.C. § 362 operate to interrupt the running of the five-year period provided in Article 561 so that, if during that period no action is taken in prosecution or defense of the action, the action is, nevertheless, not deemed to be abandoned by operation of law?
John A. Duke has appealed the judgment of the trial court which dismissed a suit, in which he was plaintiff-in-reconvention, on the grounds of abandonment pursuant to Article 561. The original petition in the suit was filed by plaintiffs (who are defendants-in-reconvention), Loy Scarborough, Hess Curry and The American Bank and Trust Company in Monroe on December 14, 1970. On March 11, 1971 Mr. Duke filed his reconventional demand against the plaintiffs. The defendants-in-reconvention filed an exception of res judicata on March 25, 1971. John Duke thereafter filed a motion to have the exception of defendants-in-reconvention set for trial. No hearing was ever had on the exception. John Duke subsequently filed a petition in bankruptcy and was adjudicated a bankrupt on July 9, *363 1973. No further steps were taken in pursuit of this litigation until June 21, 1979, at which time plaintiff-in-reconvention filed a "Supplemental and Amended Reconventional Third Party Demand." Defendants-in-reconvention filed an exception of no cause of action and a motion to dismiss. After a hearing on the motion to dismiss, the trial court issued written reasons entering a dismissal of the action on the grounds of abandonment on January 18, 1980. The dismissal was made effective five years from April 23, 1971. No formal judgment of dismissal was signed, however, until January 26, 1987 upon motion to compel the entry of a judgment filed by John Duke on January 20, 1985. Mr. Duke asserts on appeal that it was error to dismiss the suit for failure to prosecute for a period of five years. Mr. Duke argues that his bankruptcy legally precluded him from pursuing the litigation because of the automatic stay in operation under 11 U.S.C. § 362.

IS THE PRESCRIPTIVE PERIOD OF LSA-C.C.P. ART. 561 TOLLED BY THE AUTOMATIC STAY PROVISION OF 11 U.S.C. § 362?
The trial court held that the filing of a petition in bankruptcy does not abate an action filed by the bankrupt, only those actions filed against the bankrupt. The automatic stay operates only against actions pending against the bankrupt. 11 U.S.C. § 362. We find no error in this holding.
A claim for damages which arose before the filing of the petition in bankruptcy or a pending suit for damages is considered property of the estate. 11 U.S. C. § 541. This claim or action is properly transferable to the trustee in bankruptcy and either the trustee or the bankrupt is responsible for pursuing any claims for damages. Jones v. Chrysler Credit Corp., 417 So.2d 425 (La.App. 1st Cir.1982), writ denied 420 So.2d 456 (La.1982), cert. denied, 103 S.Ct. 747, 459 U.S. 1114, 74 L.Ed.2d 966; Johnson v. Best Manufacturing Co., 263 So.2d 436 (La.App. 1st Cir.1972); Wooten v. Central Mutual Insurance Company, 182 So.2d 146 (La.App. 3d Cir.1966).
We find no provision in Title 11 of the United States Code which operates to stay litigation filed by the bankrupt or which would toll any applicable state statutes of limitation with respect to those actions. We find that the trial court correctly dismissed the suit below for failure to take any steps to prosecute said action for a period of five years from April 23, 1971. LSA-C.C.P. art. 561.
The judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant, John A. Duke.
AFFIRMED.
NOTES
[1] In a previous opinion we denied a motion to dismiss this appeal based on other grounds. The denial appears at 514 So.2d 489 (La.App.3d Cir.1987).