KNOLL, Judge.
This appeal arises out of a default judgment setting aside a revocation of donation executed by Phillip Williams, Jr., (Phillip, Jr.) in favor of his father and mother, the late Phillip Williams, Sr., (Phillip, Sr.) and the late Ella Newton Williams, before Phillip, Jr., declared bankruptcy. The judgment also annulled a mortgage given by Phillip, Jr., and his wife in favor of his mother and father. The successions of Phillip, Sr., and his wife bring this appeal, asserting that since they were indispensable parties, the trial court erred in rendering a judgment in which the successions were not parties.
PROCEDURAL HISTORY
In February of 1975, Phillip, Sr., and his wife made a donation inter vivos to Phillip, Jr., of a tract of immovable property in Cal-casieu Parish. On October 21, 1988, the same parties executed a “revocation of donation” wherein the ownership of the property was to revert to Phillip, Sr., and his wife. On November 3, 1983, Phillip, Jr., and his wife, Jane Jinks Williams, granted a mortgage in favor of Phillip, Sr., and his wife. The mortgage stated it was to secure a note of $152,-000 at an interest rate of 10% per annum. The note was to be paid by annual installments of $10,000.[1] On July 28, 1992, Max Morris, bankruptcy trustee for the estate of Phillip, Jr., (trustee), filed a petition in the 14th Judicial District Court to set aside the revocation. The petition alleges there “is no legal basis nor is there any legal authority for this revocation”. At the time Phillip, Jr., filed bankruptcy, both Phillip, Sr. and his wife were deceased. The successions of both Phillip, Sr. and his wife answered the petition. Phillip, Jr., did not file an answer. The trustee proceeded to obtain a default judgment against Phillip, Jr., setting aside the 1983 revocation of donation. The default judgment makes no mention of the successions. The successions have appealed, alleging the judgment improperly adjudicates their rights in the property at issue.
INDISPENSABLE PARTIES
The successions argue they are indispensable parties, and that as such, any judgment must adjudicate their rights. The successions rely on Edmonson v. Abell, 423 So.2d 100 (La.App. 1st Cir.1982), wherein the *1268 court found the heirs of a deceased are indispensable parties in an attempt to set aside the sale of land by the deceased person as being a simulation. We agree that the successions have a similar interest in the case sub judice and are indispensable parties. Next, the successions cite LSA-C.C.P. Art. 641 for the proposition that no adjudication of an action can be made unless all indispensable parties are joined therein. From these two premises, the successions draw the conclusion that since they were not mentioned in the “adjudication” or default judgment, they were not properly joined as indispensable parties. Thus, no adjudication could properly be made. We disagree.
A party is “joined” when that party is named in the petition and served with process. This is apparent from LSA-C.C.P. Art. 646, which provides in part, ‘When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party ... ”. Emphasis added. Since the successions were named in the petition and served in the case sub judice, there was no nonjoinder of an indispensable party.
VALIDITY OF THE JUDGMENT SETTING ASIDE THE REVOCATION OF DONATION
Despite finding proper joinder of parties, we still hold the judgment to be invalid. The judgment in pertinent part states:
“IT IS ORDERED that there be Judgment herein in favor of the plaintiff and against the defendants, Phillip Gregg Williams, Jr. and Jane Jinks Williams setting aside, revoking and cancelling the Revocation of Donation ...”
While not mentioning the successions of Phillip, Sr., and his wife, the judgment, on its face, purports to adjudicate all rights in the property. For reasons that follow, we do not believe a judgment against Phillip, Jr., could deprive the successions of their rights in the donated property.
We begin by noting that the positions of Phillip, Jr., and the trustee are, in reality, not adverse to one another. When an individual declares bankruptcy, the estate administered by the trustee includes “... all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). It is well settled that a legal cause of action that arose before the filing of the petition in bankruptcy is considered property of the estate. See Landry v. Calcasieu Marine Nat. Bank, 528 So.2d 229 (La.App. 3 Cir.1988) and Scarborough v. Duke, 532 So.2d 361 (La.App. 3 Cir.1988). Whatever cause of action Phillip, Jr., may have to set aside the revocation of donation, this cause of action became the property of the bankruptcy estate and the trustee became the proper party to enforce this action. We fail to see how the trustee’s suing of the debtor under Louisiana law can give the trustee any greater rights than Federal bankruptcy law has already bestowed upon the trustee.
Before Phillip, Jr., declared bankruptcy, he was the proper party plaintiff and Phillip, Sr., and his wife (or their respective successions) were the proper party defendants. When the trustee stepped into the shoes of Phillip, Jr. through the operation of 11 U.S.C. § 541, this did not transform Phillip, Jr., into a proper defendant. The successions still remained the only proper party defendants. Therefore, to have the donated property adjudicated back into the bankruptcy estate of Phillip, Jr., the trustee must obtain a judgment against the successions.
We considered attempting to salvage the judgment by limiting it to any interest Phillip, Jr., may have in the donated property. See Town of Logansport v. Copley, 313 So.2d 901 (La.App. 2nd Cir.1975), wherein the court limited a default judgment against multiple defendants to only that defendant against whom a proper default had been taken. However, we cannot escape the conclusion that the judgment against Phillip, Jr., gives the trustee no rights he did not already have through the operation of bankruptcy law. Such a judgment would be meaningless. We therefore reverse the trial court’s default judgment setting aside the revocation of donation.
*1269 VALIDITY OF JUDGMENT ANNULLING MORTGAGE
For the reasons outlined above, we do not decide whether the mortgage is valid. Rather we hold the judgment annulling the mortgage has the same fatal procedural defect as the judgment setting aside the revocation of donation. Accordingly, the judgment annulling the mortgage is hereby reversed.
For the above and foregoing reasons, we reverse the judgment of the trial court. Cost of this appeal is assessed to the trustee, Max Morris.
REVERSED.

. In questioning the validity of the mortgage, the trustee points out that the annual payments on the note are insufficient to repay even the yearly accumulation of interest, much less the principal.