749 So.2d 870 (1999)
Terrell N. DANCE and Terry Dance, Plaintiffs-Appellants,
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER AT SHREVPORT, Defendant-Appellee.
No. 32,592-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1999.
Rehearing Denied January 20, 2000.
*871 Chester A. Bradley, III and Associates by G. Gregory Green, Dennis Grady Stewart, Paul W. Bairnsfather, Rayville, Counsel for Appellants.
Weems, Schimpf, Hayter, Gilsoul & Carmouche by John O. Hayter, III, Shreveport, Counsel for Appellee.
Before BROWN, WILLIAMS and STEWART, JJ.
STEWART, J.
At issue in this appeal by Terrell and Terry Dance is whether the trial court erred in granting the peremptory exception of no right of action filed by LSU Medical Center at Shreveport ("LSU") and dismissing the Dances' suit for damages. We find that the trial court erred in granting the exception and reverse.

FACTS
The Dances filed suit against LSU on December 29, 1995 after Terrell Dance was diagnosed with Hepatitis C in April 1995. The Dances alleged that Terrell Dance contracted Hepatitis C in 1978 when he received three units of blood from LSU while undergoing surgery. LSU first sought to stay the Dances' claim by asserting that the claim must be submitted to a medical review panel before proceeding to trial. The trial court denied LSU's motion to stay the Dances' claim. LSU then filed an exception of no right of action on September 23, 1998.
The basis for the exception of no right of action was the Dances' involvement in a bankruptcy proceeding. The exception related that the Dances filed for relief under Chapter 13 of the Bankruptcy Code on August 11, 1995, prior to filing the instant suit. Upon filing for bankruptcy, all of the Dances' property, including the cause of action against LSU which was known to the Dances from the time of Terrell Dance's diagnosis of Hepatitis C, became property of the bankruptcy estate. LSU asserted that once the cause of action became part of the bankruptcy estate, only the bankruptcy trustee was entitled to pursue the cause of action. Therefore, LSU argued that the Dances had no right to bring the cause of action without first seeking to have the action abandoned by the trustee. LSU further asserted that the Dances were required to schedule their cause of action as an asset in the bankruptcy, but they failed to do so. After filing suit against LSU, the Dances' obtained a voluntary dismissal of their bankruptcy proceeding on March 27, 1997. Because the Dances' failed to include their cause of action for damages as an asset in the bankruptcy, the cause of action was not abandoned by operation of law upon dismissal of the bankruptcy; rather, it remained part of the bankruptcy estate and may only be pursued by the bankruptcy trustee. As such, LSU asserted that the Dances' have no right to bring the instant action without first petitioning the bankruptcy court to abandon the cause of action.
The trial court ruled in LSU's favor. In granting LSU's exception, the trial court reasoned that once a debtor seeks relief in bankruptcy, the trustee becomes the representative of the estate and is, pursuant to 11 U.S.C. § 323, the proper party to sue on behalf of the estate. In support of its ruling the trial court cited Jones v. Chrysler Credit Corp., 417 So.2d 425 (La.App. 1st *872 Cir.1982), writ denied, 420 So.2d 456 (La. 1982), cert. denied, 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966, which held that it is the trustee who has the legal capacity to sue upon a cause of action for damages arising prior to the filing of the bankruptcy petition.

DISCUSSION
The exception of no right of action challenges whether the plaintiff has an actual interest in bringing the action. La. C.C.P. art. 927(A)(5); Grocery Supply Co. v. Winterton Food Stores, 31,114 (La.App. 2nd Cir. 12/9/98), 722 So.2d 94, 98. Whether a plaintiff has a right of action depends on whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the alleged grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. Grocery Supply Co., supra, citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm., 94-2015 (La.11/30/94), 646 So.2d 885. At issue here is whether the Dances have an interest in judicially enforcing their claim against LSU.
Upon filing a bankruptcy petition, an estate is created which includes all legal or equitable interests of the debtor in property as of commencement of the case. 11 U.S.C. § 541(a)(1). The interests of the debtor in property includes causes of action possessed by the debtor. Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2nd Cir.1998); Morris v. Succession of Williams, 93-969 (La.App. 3rd Cir. 3/2/94), 634 So.2d 1266; Scarborough v. Duke, 532 So.2d 361 (La.App. 3rd Cir. 1988). Even where the debtor fails to list a cause of action as an asset, the cause of action becomes property of the bankruptcy estate upon filing of the bankruptcy petition. Trowbridge v. Fascio, 98-1311 (La. App. 4th Cir. 9/9/98), 718 So.2d 1025, citing Davis v. Avco Finance, 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993). At the time the Dances filed suit against LSU, they were involved in a Chapter 13 bankruptcy proceeding. The parties do not dispute that the Dances were aware of their cause of action against LSU prior to filing for relief under bankruptcy. Once the Dances filed their bankruptcy petition, their cause of action became part of their bankruptcy estate even though they failed to include it in their schedule of assets.
Louisiana jurisprudence has held that once a bankruptcy case commences, only the trustee has the legal capacity to sue upon a cause of action included as property of the estate. Morris v. Succession of Williams, supra; Shahla v. City of Port Allen, 601 So.2d 746 (La.App. 1st Cir. 1992); Ott v. Richard, 556 So.2d 147 (La. App. 5th Cir.1990); Jones v. Chrysler Credit Corp., supra. These cases, with the exception of Shahla, supra, which involved a Chapter 7 bankruptcy, do not specify the form of bankruptcy at issue and do not address the specific bankruptcy provisions or policies that may determine the rights of a debtor under a particular chapter in pursuing causes of action belonging to the bankruptcy estate. The fact that the Dances filed for bankruptcy relief under Chapter 13 is relevant to our determination of whether LSU's exception of no right of action was properly granted.
In considering the rights of Chapter 13 debtors to pursue causes of action belonging to the bankruptcy estate, federal jurisprudence addresses the issue as one of "standing" and holds that Chapter 13 debtors may pursue causes of action that are considered part of the estate. See Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2nd Cir.1998); In re Griner, 240 B.R. 432 (Bankr.S.D.Ala.1999); Donato v. Metropolitan Life Insurance Co., 230 B.R. 418 (Bankr.N.D.Cal.1999); In re Wirmel, 134 B.R. 258 (Bankr.S.D.Ohio 1991).
In Olick, supra, the Second Circuit recognized that 11 U.S.C. § 323 makes the trustee the representative of the estate with the capacity to sue and be sued but noted that the Bankruptcy Code is silent with regard to whether a debtor retains the capacity to sue when a cause of action *873 belongs to the bankruptcy estate. To find that Chapter 13 debtors may pursue causes of action that belong to the estate, the Second Circuit examined the legislative history of 11 U.S.C. § 1303, which sets out the rights of Chapter 13 debtors.
The legislative history indicated that the listing of a Chapter 13 debtor's specific rights in Section 1303 was not meant to imply that the debtor did not also possess other rights concurrent with the trustee, such as the power to sue and be sued. Olick, 145 F.3d at 516. Unlike a Chapter 7 proceeding in which the creditors recover from the assets of the estate, the Chapter 13 proceeding provides recovery to creditors from the debtor's earnings. Because the creditors are not dependant on the assets of the estate for their recovery, it is only the debtor who stands to gain or lose from pursuing a cause of action, and the trustee's involvement in pursuing the cause of action is not needed to protect the creditor's rights. Id.
Another federal circuit opinion, Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1209, n. 2 (3rd Cir. 1991), also recognized the right of a Chapter 13 debtor to pursue a cause of action belonging to the estate even after a trustee has been appointed. The Third Circuit stated that "an essential feature of a chapter 13 case is that the debtor retains possession of and may use all the property of his estate, including his prepetition causes of action, pending confirmation of his plan." As in Olick, supra, the court in Maritime recognized that the legislative history of Section 1303 makes clear that although the debtor's enumerated powers do not include the right to sue and be sued, Congress intended the debtor to have power to maintain suit on his own behalf. Maritime, supra.
After reviewing both the Louisiana jurisprudence and the federal jurisprudence mentioned above, we find the federal line of cases more persuasive since the federal cases address the particular rights of Chapter 13 debtors to pursue causes of action belonging to the bankruptcy estate. We now hold that Chapter 13 debtors maintain the power to sue on their own behalf where the cause of action belongs to the bankruptcy estate. In the case sub judice, the Dances filed suit against LSU while seeking relief through a Chapter 13 bankruptcy. Although the cause of action against LSU was property belonging to the bankruptcy estate which came into existence upon commencement of the bankruptcy proceeding, we find that the Dances maintained the right to pursue their cause of action for damages against LSU.
The Dances' failure to schedule their cause of action as an asset does not change our finding as to their right to maintain this action against LSU. LSU has not asserted that the Dances' oversight was intentional, and nothing in the record suggests any wrongful motive on the part of the Dances' in failing to include the cause of action. Furthermore, LSU was not a creditor of the Dances' and would not be adversely impacted by the Dances' pursuing their cause of action after failing to schedule it as an asset. (See In re Griner, supra, where although Chapter 13 debtors failed to list a cause of action in their bankruptcy schedules, the court determined that the debtors had the power to sue as to nonbankruptcy federal and state law claims. See also Donato, supra.)
Finally, the Dances' voluntary dismissal of their cause of action under 11 U.S.C. § 1307(b) does not alter our finding that they have the right to maintain their action against LSU. Pursuant to 11 U.S.C. § 349(b)(3), one of the effects of dismissal of a bankruptcy case is to revest the property of the estate in the entity in which the property was vested immediately before commencement of the case. Section 349 serves to negate the consequences of filing the bankruptcy petition where the case is dismissed without discharge. In re Nash, 765 F.2d 1410, 1414 (9 th Cir.1985). LSU largely based its exception on the grounds that upon dismissal of the Dances' *874 bankruptcy case, the unscheduled cause of action was not abandoned pursuant to 11 U.S.C. § 554, but rather it remained part of the bankruptcy estate and may only be pursued by the bankruptcy trustee. We have found no jurisprudence supporting this position as it pertains to a Chapter 13 debtor. Additionally, we fail to see any logic in determining that a Chapter 13 debtor may pursue an unscheduled cause of action while the bankruptcy is pending but lose that right upon dismissal of the bankruptcy case.
Because we hold that Chapter 13 debtors maintain the right to pursue causes of action belonging to the bankruptcy estate and because we find that dismissal of the bankruptcy case did not divest the Dances' of the right to pursue their cause of action against LSU, we reverse the trial court's judgment granting LSU's exception of no right of action.

CONCLUSION
For the reasons discussed, we reverse the judgment granting LSU's exception of no right of action and remand for further proceedings. Costs are assessed against LSU.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, CARAWAY, and KOSTELKA, JJ.
Rehearing denied.