BROWN, Chief Judge.
I TThis appeal, which was originally a writ application that was granted to docket, arose out of disputes related to the construction of a home by Claudine Matthews in Benton, Louisiana. The particular issue presented is whether Matthews’ third party claims against third party defendants, Ron Finical, the contractor, and Citizens Bank and Trust of Vivian (“Citizens Bank”), the financing bank, should be deemed abandoned because no steps were taken in the lawsuit for three years while Matthews’ Chapter 13 bankruptcy in federal court was pending. Finical and Citizens Bank filed motions to dismiss due to abandonment. The trial court initially granted their ex parte motions, then after *496 a motion to set aside was filed by Matthews, the trial court reversed its previous rulings and reinstated her claims against both third parties.
Finical and Citizens Bank sought this court’s review of the trial court’s adverse ruling. For the following reasons, we affirm.

Procedural Background

In 2005, Matthews hired a contractor, Eddie Francis, and began construction of a home in Benton; she arranged financing through Citizens Bank. In her third party claims, she alleged that Citizens Bank subsequently made her switch contractors to one of its choosing, Ron Finical. She further alleged that Finical did not complete the home, which was “riddled with vices and defects,” but that Citizens Bank nevertheless placed the financing with another lender and paid itself the majority of the construction loan.
On October 17, 2006, Wolf Plumbing, Inc., filed this suit against Claudine Matthews for nonpayment for work it did as a subcontractor on the |2new home. Matthews filed an answer and reconventional demand denying Wolf Plumbing’s contentions and asserting claims for defects in and vices of construction. Thereafter, on January 29 and November 3, 2007, Matthews filed third party claims against Ron Finical, Citizens Bank, and Eddie Francis.[1]
During the pendency of this action, on March 9, 2008, Matthews filed for Chapter 18 bankruptcy in the U.S. Bankruptcy Court for the Western District of Louisiana. Matthews used Glay Collier of McBride and Collier as her attorney in the bankruptcy. Evidently, no one in the state suit, including Matthews’ attorney, Jeff Thompson, was aware of this bankruptcy filing. On September 9, 2008, after the initial pleadings, answers and exceptions were filed, Thompson wrote to the other attorneys attempting to set a hearing date for exceptions. The attorney for Wolf Plumbing replied to Thompson that “your client filed bankruptcy so I can’t proceed on anything.” The bankruptcy petition disclosed/included the state court lawsuit.
Starting in January 2009, Thompson began writing to Collier asking, ‘What needs to happen to allow Claudine to proceed with this lawsuit?” A number of similar letters were written to Collier until finally, in April 2011, Collier filed a “Motion For Relief From The Stay.” On May 31, 2011, the bankruptcy judge issued an order that provided in part that “[T]he automatic stay has been lifted only so that the plaintiff in the lawsuit (Wolf Plumbing) may liquidate claims against debtor Claudine Matthews and so that debtor [,t, Claudine Matthews, acting as plaintiff in reconvention, may liquidate claims in the same suit against a third party.” The bankruptcy judge further required that “Debtor must gain court approval if debtor receives any net proceeds from the reconventional demand, and debtor must give the trustee half of the net proceeds for the benefit of her creditors.” Neither the letters, documents notating the conversations between these two lawyers, the motion to lift the stay, nor the order lifting the stay were filed into the state court record.
In September of 2011, Finical and Citizens Bank filed ex parte motions in the state court action for dismissal on the grounds of abandonment. The record of the state court proceeding showed that no step had been taken to prosecute any of the claims since March 2008. The affidavits attached to the motions stated that no steps had been taken in the case since discovery was sent on August 8, 2008. *497 The trial court initially granted these motions ex parte, dismissing the claims against Finical and Citizens Bank as of August 9, 2011. Matthews filed a motion to set aside the ex parte judgments, urging that the letters and conversations between her two attorneys, as well as the motion to lift the stay in the bankruptcy court were steps toward prosecution, and/or that the automatic bankruptcy stay in March 2008 constituted circumstances beyond Matthews’ control and served to interrupt or suspend the three-year abandonment period provided for in La. C.C.P. art; 561. The trial court agreed and set aside the judgments of dismissal. It is from this judgment that third party defendants, Finical and Citizens Bank, have sought this court’s review.
| ^Discussion
Louisiana Code of Civil Procedure Article 561(A)(1) provides in part that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Clark v. State Farm Mutual Automobile Insurance Co., 00-3010 (La.05/15/01), 785 So.2d 779. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by La. C.C.P. art. 561 on the proper procedure to utilize to obtain an ex parte order of dismissal. Article 561 also provides the procedure for a plaintiff who desires to have an order of dismissal set aside. See La. C.C.P. art. 561(A)(3) and (4). The record in the instant case shows that all parties complied with these procedural requirements. As reflected in the trial court record, there was no formal action taken in the proceeding within the requisite three-year period. Thus, on the face of the record, Matthews’ third party claims are abandoned.
Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. However, whether a particular act, if proven, precludes abandonment is a question of law that is reviewed by determining whether the trial court’s decision is legally correct. Brown v. Kidney and Hypertension Associates, L.L.P., 08-0919 (La.App. 1st Cir.01/12/09), 5 So.3d 258. In the case sub judice, the trial court considered Inactivity not in the court record as steps in the advancement of the case. See Louisiana Dept. of Transp. and Development v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La.12/06/11), 79 So.3d 978.
If no steps advancing the litigation occurred, we must then determine whether one of the jurisprudential exceptions' to abandonment apply. See Food Perfect, Inc. v. United Fire and Casualty Co., 12-2492 (La.01/18/13), 106 So.3d 107. There are two jurisprudential exceptions to the abandonment rule. A plaintiff can demonstrate that his or her failure to prosecute was caused by circumstances beyond the plaintiffs control (contra non valen-tem) or can establish that the defendant waived his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Food Perfect, Inc., supra; Clark, supra; Succession of Wright, 37,670 (La.App. 2d Cir.09/24/03), 855 So.2d 926, writ denied, 03-2969 (La.01/16/04). Where there is a question regarding abandonment, courts stress substance over form. Clark, supra.
The issue presented is whether one of the jurisdictional exceptions to the abandonment rule applies. Causey v. Caterpil *498 lar Machinery Corp., 02-0746 (La.App. 4th Cir.06/26/02), 822 So.2d 188.
Courts have interpreted the phrase “circumstances beyond the plaintiffs control” as contemplating events which create a legal impediment, such as a plaintiffs active service in the military or confinement to a mental institution, which makes it impossible for the plaintiff to take the necessary steps to prevent abandonment. Clark, supra; Succession of Knox, 579 So.2d 1164 (La.App. 2d Cir.1991); American Eagle, Inc. v. Employers’ Liability Assurance Corp., Ltd., 389 So.2d 1339 (La.App. 1st Cir.1980), writs denied, 396 So.2d 885, 886 (La.1981).
In Johnson v. Calcasieu Parish Sheriff’s Dept., 06-1179, 06-1180 (La.App. 3d Cir.02/07/07), 951 So.2d 496, two separate actions were filed against the Calcasieu Parish Sheriff by the plaintiffs to collect the $100,000 reward offered for anyone who provided information which led to the arrest and conviction of the person responsible for a triple homicide committed in Calcasieu Parish on July 6, 1997. Based upon information provided by the plaintiffs, Thomas Cisco was arrested, charged, and convicted of three counts of first degree murder.
Three years after the convictions, the sheriff moved to dismiss the suits as abandoned. The Third Circuit in Johnson found that the contra non valentem exception applied to prevent abandonment in the action because the plaintiffs’ failure to prosecute was caused by circumstances beyond their control. Although Cisco had been tried and convicted of three counts of murder based upon information the plaintiffs provided, Cisco’s convictions were reversed by the Louisiana Supreme Court. Therefore, his convictions were not final and retrial was at the sole discretion of the Calcasieu Parish District Attorney’s office, something outside of the control of the plaintiffs. Citing Pounds v. Yancy, 224 So.2d 1 (La.App. 1st Cir.1969), writ refused, 254 La. 810, 227 So.2d 145 (La. 1969), the court in Johnson found that the contra non valentem exception to abandonment was not limited to only two circumstances, service in the military or confinement to a mental institution, which were simply listed as examples of exceptions outside of a plaintiffs |7control, keeping in mind the policy considerations requiring liberal construction of article 561 in favor of maintaining a plaintiffs suit. Johnson, 951 So.2d at 500.
The filing of a bankruptcy petition operates as a stay of all judicial and non-judicial proceedings against the debtor and against property of the estate. 11 U.S.C. § 362; Gulfco Finance of Farmerville, Inc. v. McCormick, 577 So.2d 778 (La.App. 2d Cir.1991). The stay, which is automatic, is effective upon filing of the bankruptcy petition; requires no actual notice or formal service; and lasts for the duration of the bankruptcy proceeding absent modification by the bankruptcy court. Id. When the proceedings are stayed, only an order of the bankruptcy court can annul, modify or terminate the stay. In re Cueva, 371 F.3d 232 (5th Cir.2004).
The automatic stay cases in which the plaintiff is the debtor in bankruptcy are problematic. Some courts have been willing to dismiss a plaintiffs action as abandoned despite an extant bankruptcy stay. This Court has observed, in Ledbetter v. Wheeler, 31,357 (La.App. 2d Cir.12/09/98), 722 So.2d 382, 384:
Finally, the automatic stay is not a remedy afforded under the bankruptcy code for debtors who assume the position of creditors in other suits. 11 U.S.C.A. § 362 was designed to protect debtors who have filed for bankruptcy from further suit by creditors prior to completion of their bankruptcy proceeding. *499 The language of 11 U.S.C.A. § 362 specifies that only those suits against the debtor will be stayed.
Likewise in Scarborough v. Duke, 532 So.2d 361 (La.App. 3d Cir.1988), the court of appeal held that a reconventional demand made by a party who was a debtor in bankruptcy had been abandoned. In Bonomolo Limousines v. Scheuermann, 99-832 (La.App. 5th Cir.12/15/99), 747 So.2d 207, writ denied, 00-0444 (La.03/31/00), 759 So.2d 74, the Fifth Circuit likewise concluded that a debtor’s re-conventional demand was abandoned despite the operation of an automatic stay.
None of these cases should be read as establishing a bright line rule; in fact, to do so would be legally erroneous in light of the applicable federal and Louisiana jurisprudence regarding the property which is included in the bankruptcy estate, the nature and scope of the automatic bankruptcy stay, and the policy behind and legislative history of La. C.C.P. art. 561.
In the case sub judice, the state district court was concerned that Matthews’ claims against Wolf Plumbing were so intertwined with Wolf Plumbing’s claims against her, as well as the third party claims, that fairness dictated that all of the claims be stayed until the bankruptcy trustee agreed that the case could proceed. A similar result was reached in Rabai v. Rabai, 556 So.2d 1299 (La.App. 5th Cir. 1990), a community property partition action in which one of the spouses was also a debtor in bankruptcy. The court of appeal reasoned that, “Rulings from this court could conceivably have the effect of both divesting and preserving assets for the bankruptcy estate.” Rabai 556 So.2d at 1301.
At the commencement of a bankruptcy case, an estate is created. 11 U.S.C. § 541. Dance v. Louisiana State University Medical Center at Shreveport, 32,592 (La.App.2d Cir.12/10/99), 749 So.2d 870, writ denied, 00-0532 (La.03/31/00), 759 So.2d 76; Gulfco Finance of Farmer-ville, Inc., supra. Many issues in any bankruptcy case are ^determined by what is considered property of the estate, including the scope of the automatic stay. Virtually all of a debtor’s interests in property existing as of the filing of the bankruptcy petition are included in the estate. 11 U.S.C. § 541; Gulfco Finance ofFarm-erville, Inc., supra. The extent of property included in an estate is determined by the bankruptcy court and in doing so, the court looks to state law to define the rights and interest of the debtor in and' to the property. Aguillard, H.Kent. Split the Baby? Personal Injury Causes of Action in Bankruptcy, 37 La. Bar Journal 339 (February 1990).
Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a “debt- or.” This prohibition, however, has been liberalized in a number of cases where courts have applied the automatic stay protection to non-debtor third parties relying on both the automatic stay provision and the bankruptcy court’s equitable powers under 11 U.S.C. § 105. Courts have also extended the automatic stay to non-debtor third parties where stay protection is essential to the debtor’s efforts of reorganization. See, e.g., In re Lazarus Burman Associates, 161 B.R. 891(Bankr.E.D.N.Y.1993). Courts have also extended the automatic stay to non-bankrupt co-defendants in “unusual circumstances.” McCartney v. Integra National Bank North, 106 F.3d 506 (3rd Cir.(Pa.)1997).
In Louisiana, a cause of action is property, and, as such, forms a part of the debtor’s estate. Dance, supra; Morris v. Succession of Williams, 93-969 (La.App. *500 3d Cir.03/02/94), 634 So.2d 1266; Landry v. Calcasieu Marine National Bank, 528 So.2d 229 (La.App. 3d Cir.1988). In the |ininstant case, the entirety of this action, not just the principal demand, was subject to the automatic stay. The main demand was stayed as it was an action against the debtor, Matthews. The reconventional demand and third party claims brought by Matthews were also subject to the automatic stay as property of the estate. While not necessarily true in all bankruptcy actions, see Dance, supra, in the instant case, all claims in this case are intricately involved and interwoven together. A major bankruptcy asset, Matthews’ home, which is being built by third party defendant Finical and financed by third party Citizens Bank, is central to all claims in the state party action. Wolf Plumbing’s principal action is one for payment for its work as a subcontractor on the home. Matthews’ reconventional claim against Wolf Plumbing is for substandard work. Her third party demands against Finical and Citizens Bank all relate to financing and building issues arising out of the construction of her home. The bankruptcy judge clearly considered the entire state court case to be under his control. He was reluctant initially to lift the stay, but did lift the stay for plaintiff, Wolf Plumbing, to proceed, as well as for the debtor to proceed with her reconventional and third party demands. The bankruptcy judge further required that Matthews is to give half of the net proceeds she recovers to the trustee for the benefit of her creditors.
The bankruptcy court’s inherent power to exercise control over all assets of a bankrupt debtor in order to maximize the recovery available to his or her creditors requires the finding in this case. The trial court correctly recognized that judicial efficiency as well as equity principles, together with Inapplicable federal precepts and policy considerations underlying Louisiana’s abandonment rule, dictated the implication of the contra non valentem exception to abandonment under these facts and circumstances. Accordingly, we find the claims in this case were stayed until the appropriate motion for relief from the stay was granted by the bankruptcy court.

Conclusion

For the reasons set forth above, the trial court’s judgment setting aside the ex parte judgments of dismissal is affirmed. This matter is remanded for further proceedings. Costs are assessed to third party defendants/appellants, Ron Finical and Citizens Bank and Trust of Vivian.

. Neither Wolf Plumbing nor Francis is involved in the instant appeal.