PITMAN, J.
| Plaintiff-Appellants Christi Lynn Carter and Linda S. Payne, who serves as bankruptcy trustee for Michael Shawn Carter’s estate, appeal the trial court’s granting of motions for summary judgment filed by Defendant-Appellees First South Farm Credit (“First South”) and Michael E. Kramer. The parties do not contest the trial court’s denial of a motion for summary judgment filed by Defendant Dawn H. Mims.[1] For the following reasons, we affirm.
FACTS
In 2007 and 2009, the Carters signed two promissory notes in the amounts of $656,000 and $387,000, respectively, plus interest secured by mortgages in favor of First South. The loans were secured by 80 acres of immovable property in Rich-land Parish and by equipment, farm products and crops. In 2008, the Carters moved from Louisiana to Texas. In February 2010, they defaulted on the loans with First South. In October 2010, Mr. Kramer, the attorney for First South, sent a letter to the Carters at their address in Texas, stating that the loans were in default and that legal proceedings would be initiated if they were not paid. The Carters failed to pay the loans.
On December 21, 2010, Mr. Kramer filed a petition for executory process against the Carters on behalf of First South, alleging that the Carters were former residents of Louisiana who were now Texas residents and |2requested the appointment of an attorney to represent them interests.[2] Ms. Mims was appointed as curator[3] and was served with the notice of seizure and sale for certain immovable and movable property owned by the Carters. Their immovable property was sold at sheriffs sale for $180,000. Following the seizure and sale, the deficiency was $244,696.21 with interest.
On April 4, 2012, the Carters filed a petition alleging a wrongful seizure and conversion of their property in that their immovable and movable property located in Richland Parish and/or Franklin Parish *931 was sold at auction, but they did not receive notice of the seizures and sales until after the auctions. The Carters argued that Mr. Kramer failed to meet the burden necessary for the appointment of a curator. They also alleged that Curator Mims failed to perform her duties as curator because she did not file an answer to the petition for executory process, did not assert defenses on their behalf, did not file a curator’s return and did not contact them prior to the sale of their immovable property. The Carters alleged that Mr. Kramer knew of Curator Mims’s failures and yet proceeded with the sale of the immovable property. They further alleged that Mr. Kramer failed to contact them prior to the sheriffs sale even though he had their telephone numbers, email addresses and mailing address. They argued that the acts of l.sMr. Kramer and Curator Mims in failing to contact them and provide them with proper notice of the seizure and sale of their property deprived them of their constitutional due process rights. The Carters argued that First South and Mr. Kramer could not obtain a deficiency judgment because they failed to provide them with proper notice of seizure or the right to appoint appraisers. The Carters also asserted that their due process rights were violated and that they have a 42 U.S.C. § 1983 claim. They alleged that First South, Mr. Kramer and Curator Mims did not meet the standard found in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), that required reasonable diligence to locate and serve them with the notice of seizure and sale when their location was not only reasonably ascertainable, but known by Mr. Kramer.[4] They contended that Mr. Kramer and First South are solidarily liable for all damages for wrongful seizure and conversion, including, but not limited to, compensation for inconvenience, loss of use, embarrassment, humiliation, mental anguish and worry, and compensatory damages.
On May 15, 2012, First South filed an answer, reconventional demand and cross claim. First South contended that the Carters failed to state a cause of action for wrongful seizure and/or conversion of property. It alleged that the sale of the Carters’ property was insufficient to satisfy the balance of the performance due on notes, which resulted in a $244,696.21 deficiency, and asserted a reconventional claim for recovery of the |4deficiency with interest and attorney fees. First South also asserted a cross claim against Curator Mims because the Carters alleged that her conduct in failing to contact them and give them proper notice precluded First South’s entitlement to a deficiency judgment. In the alternative, First South sought recovery against Curator Mims for the amount of the deficiency judgment of which it was deprived and/or damages for which it may be cast.
On May 23, 2012, Mr. Kramer filed an answer in which he denied all liability for all acts and/or omissions and for all damages asserted by the Carters. In the alternative, he alleged that any damages suffered by the Carters for which he is responsible are the fault of the Carters and/or third parties. Mr. Kramer also contended that the Carters failed to mitigate their damages.
On November 21, 2013, First South filed a motion for partial summary judgment regarding the claims of and against Mrs. *932 Carter because Mr. Carter was in bankruptcy. First South argued that a deficiency judgment was appropriate and that 42 U.S.C. § 1983 does not apply because First South is a private party and not a state actor and there was no violation of due process as notice was given.
On December 20, 2013, Mr. Kramer filed a motion for summary judgment, asserting that Mr. Carter had no right to bring the cause of action because he had filed for bankruptcy. Mr. Kramer contended that he acted lawfully in the foreclosure proceedings and was legally authorized to appoint a curator for the Carters because they were absentees as they resided outside of the state of Louisiana. He further stated that the notice of seizure Land sale to Curator Mims was proper as she was the Carters’ curator; therefore, there was no violation of 42 U.S.C. § 1983.
On February 10, 2014, the Carters filed an opposition to the motions for summary judgment. They reasserted the claims raised in their original petition. First South and Mr. Kramer filed replies to the Carters’ opposition and reasserted the claims made in their motions for summary judgment. A hearing was held on the motions for summary judgment and the exceptions of no right of action on February 18, 2014.
On February 25, 2014, the trial court filed written reasons for judgment. Regarding the exceptions of no right of action contained in the motion for summary judgment filed by First South, Mr. Kramer and Curator Mims, the trial court determined that, due to the filing of the Chapter 7 bankruptcy by Mr. Carter, he no longer had an interest in judicially enforcing the right asserted. The trial court stated that the only person who can enforce the right for Mr. Carter is the bankruptcy trustee and gave the Carters 30 days to amend their petition to state the correct plaintiffs. The trial court granted the motions for summary judgment filed by First South and Mr. Kramer and dismissed the Carters’ suit with prejudice. The trial court further found that the appointment of a curator was proper in this situation, i.e., the Carters are nonresidents of the State of Louisiana, and it noted that First South and Mr. Kramer did not have a duty to ensure that the curator notified the Carters. It granted the motion for partial summary judgment filed by First South, resulting in a deficiency judgment against Mrs. Carter in the amount of $244,696.21 with interest, reasonable attorney |fifees and court costs. A judgment on the motions for summary judgment and a judgment on the exceptions of no right of action were filed on March 19, 2014.
On March 26, 2014, the Carters filed a motion and order to amend their petition and requested that bankruptcy trustee Linda S. Payne be substituted for Mr. Carter.
Mrs. Carter and Trustee Payne now appeal.
ARGUMENT
Mrs. Carter and Trustee Payne raise six assignments of error in their appeal. These assignments of error will be discussed out of sequence in order to address threshold issues first.
An appellate court reviews a trial court’s granting of summary judgment de novo using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Clower v. Bank of Am., 44,034 (La.App.2d Cir.2/25/09), 5 So.3d 983, writ denied, 09-0986 (La.9/4/09), 17 So.3d 960, citing Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, and Bumgardner v. Terra Nova Ins. Co., 35,615 (La.App.2d Cir.1/23/02), 806 So.2d 945. Summary judgment is ap *933 propriate if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Clower, supra, citing Bumgardner, supra.
| ^Status as Absentees and Appointment of Curator
In their third and fourth assignments of error, Mrs. Carter and Trustee Payne argue that the trial court erred in ruling that the Carters were absentees and that the appointment of a curator was proper. They contend that there was no need to appoint a curator because, although they were nonresidents, they were not absentees because their contact information, including mailing address, was known to Mr. Kramer.
Mr. Kramer and First South argue that the Carters were absentees within the meaning of La. C.C.P. art. 5251(1) because they were nonresidents of Louisiana. Mr. Kramer also contends that he was legally obligated to request the appointment of a curator pursuant to La. C.C.P. arts. 2674 and 5091.
The court shall appoint an attorney to represent the unrepresented defendant in an executory proceeding when the defendant is an absentee. La. C.C.P. art. 2674(1). La. C.C.P. art. 5091(A) states in part that:
The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when: (1) It has jurisdiction over the pebson or property of the defendant, or over the status involved, and the defendant is: (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.
La. C.C.P. art. 5251 sets forth definitions of “absentee” and states:
Except where the context clearly indicates otherwise, as used in this Code: (1) “Absentee” means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, | ^though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
The Carters were absentees under the definition in the first clause of La. C.C.P. art. 5251(1) — they were nonresidents of the State of Louisiana because they had moved to Texas, and nothing in the record suggests that they appointed an agent for service of process within the State of Louisiana. Whether their whereabouts were known is irrelevant because the Carters are absentees under this first definition. Mr. Kramer, in his capacity as attorney for First South, acted in accordance with La. C.C.P. art. 2674 when he requested that the trial court appoint a curator to represent the absentee Carters in the executory proceeding. Therefore, the trial court did not err in determining that the appointment of a curator for the executory proceeding was proper because the Carters were absentees.
Accordingly, these assignments of error lack merit.

Service on Nonresidents

In their second assignment of error, Mrs. Carter and Trustee Payne argue that the trial court erred in failing to consider and apply the controlling state stat *934 utes on service of process regarding nonresidents, i.e., La. R.S. 13:3201 and 13:3204. They note that Mr. Kramer made no attempt to serve the Carters by registered or certified mail and requested the appointment of a curator without first trying to serve them despite having their mailing address.
Mr. Kramer argues that, because the basis for exercising jurisdiction over the Carters’ property in the executory process action was in rem as ^opposed to in per-sonam, the requirements for service set forth in Louisiana’s Long Arm Statute are not applicable. First South argues that the trial court correctly applied the service of process statutes specific to executory process — i.e., La. C.C.P. arts. 2641, 2674(1), 5091(A)(1)(a), 5251(1), 5094 and 5098 — rather than the general statutes of long arm service, i.e., La. R.S. 13:3201 and 13:3204.
Rules of statutory construction provide that, where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226.
La. C.C.P. art. 2641 provides the law on service that is specifically directed to the subject matter at issue and states:
In all cases governed by Article 2674, all demands, notices, and other documents required to be served upon the defendant in an executory proceeding shall be served upon the attorney at law appointed by the court to represent him, against whom the seizure and sale shall be prosecuted contradictorily.
As discussed, supra, the Carters were absentees; and, therefore, a curator was appointed pursuant to La. C.C.P. art. 2674 to represent their interests in the executo-ry proceeding. La. C.C.P. art. 2641 applies specifically to the subject matter in this case, i.e., an executory proceeding where a curator has been appointed to represent the defendants. The general service of process articles cited by Mrs. Carter and Trustee Payne, i.e., La. R.S. 13:3201 and 13:3204, do not apply to the facts of this case.
Accordingly, this assignment of error lacks merit.
11f>Application of Mennonite
In their first assignment of error, Mrs. Carter and Trustee Payne argue that the trial court erred in failing to consider and apply the controlling case of Mennonite, supra, when granting the motions for summary judgment filed by First South and Kramer and dismissing the Carters’ claims. They further argue that they have a cause of action under 42 U.S.C. § 1983 because they were deprived of a constitutional right, i.e., due process, by one acting under the color of state law.
Mr. Kramer and First South argue that service made on a legally appointed curator satisfies the requirements of due process and allege that Curator Mims was properly served with notice of seizure, which provided constructive notice of seizure to the Carters. They also argue that the Carters’ reliance on Mennonite is misplaced because actual notice is not required to satisfy due process. Mr. Kramer also states that he is not liable for 42 U.S.C. § 1983 violations because he adhered to all executory process procedures.
La. C.C.P. art. 5098 states:
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judg *935 ment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law.
|uLa. C.C.P. art. 5094 states:
When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise
In the case sub judice, the due process requirements set forth in La. C.C.P. arts. 2674 and 5091 were adhered to by First South, Mr. Kramer and the trial court. The Carters were properly determined to be absentees of the State of Louisiana, a curator was properly appointed to represent their interests in the executory proceeding and notice was properly served upon their curator. Curator Mims’s alleged failure to communicate with the Carters does not affect the validity of the proceedings in this case. We note that the trial court denied Curator Mims’s motion for summary judgment. Therefore, the Carters’ malpractice claim against Curator Mims is still pending in the trial court and is not at issue in this appeal.
Accordingly, this assignment of error is without merit.

Deficiency Judgment

In their fifth assignment of error, Mrs. Carter and Trustee Payne argue that the trial court erred in ruling that First South was entitled to a deficiency judgment against Mrs. Carter in the amount of $244,621.96, when neither First South, Mr. Kramer nor Curator Mims provided any notice of the seizure and sale of the Carters’ property to them. They contend that a creditor cannot obtain a deficiency judgment against a debtor when the creditor failed to provide the mortgagor notice of seizure in an executory process foreclosure proceeding.
lii>First South argues that, because a curator was properly appointed to represent the Carters and proper service was made, a deficiency judgment was properly granted by the trial court.
La. C.C.P. art. 2771 states:
Unless otherwise provided by law, the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the execu-tory proceeding after appraisal in accordance with the provisions of Article 2723.
La. C.C.P. art. 2723 states:
Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act. evidencing the mortgage, the security agreement, or the document creating the privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for. There is no requirement that seized property subject to a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101 et seq.), be appraised prior to the judicial sale thereof.
In this case, Curator Mims represented the interests of the Carters. Service upon Curator Mims, therefore, acts as service upon the Carters. First South may obtain a deficiency judgment because the proper *936 ty was sold under the executory proceeding after an appraisal. As noted above, Curator Mims’s alleged failure to communicate with the Carters does not affect the validity of the proceedings in this case. See La. C.C.P. art. 5098.
Accordingly, this assignment of error is without merit.

No Right of Action and Bankruptcy

In their sixth assignment of error, Mrs. Carter and Trustee Payne argue that the trial court erred in ruling that Mr. Carter had no interest in judicially enforcing his rights in these proceedings when he sought 11sChapter 7 bankruptcy protection after these proceedings were initiated. They allege that it is in the trustee’s interest for Mr. Carter to remain a proper plaintiff in the proceedings as it relates to damages.
Mr. Kramer and First South argue that, because Mr. Carter filed for bankruptcy, the bankruptcy trustee is the proper party to pursue any claim Mr. Carter may have. Mr. Kramer states that, because Trustee Payne has been substituted as a party, this issue is moot.
The exception of no right of action challenges whether the plaintiff has an actual interest in bringing the action. La. C.C.P. art. 927(A)(6); Dance v. Louisiana State Univ. Med. Ctr. at Shreveport, 32,592 (La.App.2d Cir.12/10/99), 749 So.2d 870, writ denied, 00-0532 (La.3/31/00), 759 So.2d 76, citing Grocery Supply Co. v. Winterton Food Stores, 31,114 (La.App.2d Cir.12/9/98), 722 So.2d 94. Whether a plaintiff has a right of action depends on whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the alleged grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. Id. The determination of whether a plaintiff has a right of action is a question of law and is reviewed de novo on appeal. In re Interdiction of Lalehparvaran, 48,655 (La.App.2d Cir.1/15/14), 132 So.3d 439, citing Chisley v. Smith, 43,312 (La.App.2d Cir.6/4/08), 986 So.2d 222.
In Dance, supra, this court explained:
Upon filing a bankruptcy petition, an estate is created which includes all legal or equitable interests of the debtor in property as of commencement of the case. 11 U.S.C. § 541(a)(1). The interests of the debtor in property includes causes of action possessed by the debtor. Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2nd Cir.1998); Morris v. Succession of Williams, 93-969 (La.App. 3rd Cir.3/2/94), 634 So.2d 1266; Scarborough v. Duke, 532 So.2d 361 (La.App. 3rd Cir.1988). Even where the debtor fails to list a cause of action as an asset, the cause of action becomes property of the bankruptcy estate upon filing of the bankruptcy petition. Trowbridge v. Fascio, 98-1311 (La.App. 4th Cir.9/9/98), 718 So.2d 1025, citing Davis v. Avco Finance, 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993).
[[Image here]]
Louisiana jurisprudence has held that once a bankruptcy case commences, only the trustee has the legal capacity to sue upon a cause of action included as property of the estate. Morris v. Succession of Williams, supra; Shahla v. City of Port Allen, 601 So.2d 746 (La.App. 1st Cir.1992); Ott v. Richard, 556 So.2d 147 (La.App. 5th Cir.1990); Jones v. Chrysler Credit Corp., [417 So.2d 425 (La.App. 1st Cir.1982), writ denied, 420 So.2d 456 (La.1982), cert. denied, 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 (1983) ].
In accordance with Louisiana jurisprudence, Trustee Payne is the proper party plaintiff to represent Mr. Carter’s interests in this case. Furthermore, Mr. Car *937 ter filed a motion to amend the petition in which he requested that Trustee Payne be substituted as the proper party plaintiff in the proceedings, and the trial court signed an order to that effect.
Accordingly, this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendant-Appellees First South Farm Credit and Michael E. Kramer and against Plaintiff-Appellants Christi Lynn Carter and Linda S. Payne, bankruptcy trustee for the estate of Michael Shawn Carter, is affirmed. Costs of appeal are assessed to Christi Lynn Carter and Linda S. Payne, Bankruptcy Trustee.
AFFIRMED.

. Ms. Mims filed a motion for summary judgment in which she argued that the Carters could not carry their burden of proof in a legal malpractice claim against her. The trial court found that the question of damages was too fact-intensive to determine on a motion for summary judgment and denied her motion. She sought supervisory writs; and, on May 8, 2014, this court denied the writ. The Louisiana Supreme Court also denied the writ. Carter v. First South Farm Credit, 14-1176 (La.9/19/14), 149 So.3d 246. Ms. Mims did not file a brief in this appeal.

. Initially, Bill Barham was appointed to represent the interests of the Carters and was served with notice of seizure, the date of the sheriff sale and the right to select an appraiser. Mr. Barham filed an order and motion to appoint Ms. Mims as curator, which the trial court granted.

. Throughout the record, Ms. Mims is referred to as the Carters' "curator." The Code of Civil Procedure no longer uses the term "curator” in articles relating to the appointment of an attorney at law to represent an absentee defendant. However, the term "curator” will be used in that context in this opinion for ease of reference to the record.

. The Carters also argued that First South and Mr. Kramer violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. They subsequently dismissed this claim. They also argued that First South and Mr. Kramer violated the Louisiana Unfair Trade Practices Act. They subsequently dismissed this claim as to First South, but not as to Mr. Kramer.